60249. TARPLIN v. THE STATE.

SMITH, Judge.

Appellant was convicted at a jury trial for kidnapping, armed robbery, and rape. He appeals, alleging, in addition to the general grounds, that the trial court erred in refusing to give certain requested charges and that the trial court's charge on alibi was impermissibly burden-shifting. We affirm.

1. There was evidence admitted in the trial from which the jury would be warranted in finding the following: As the victim was waiting for a bus on Techwood Drive in Atlanta, appellant drove up with a gun and forced her into his car. Appellant then drove to a wooded area off Fulton Industrial Boulevard, where he repeatedly beat the victim and forcibly had sexual intercourse with her. Appellant took the victim's billfold and removed approximately $25.00 from it. Appellant told the victim she would be killed if she told anyone what happened. He left her in a wooded area. Based on the evidence, a rational trier of fact was authorized to find appellant guilty beyond a reasonable doubt of all offenses charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Ligon v. State,* 152 Ga. App. 661 (263 SE2d 534) (1979).

2. Appellant requested the following charge: "There is a presumption that no crime was committed and the burden is upon the State to prove beyond a reasonable doubt that a crime was in fact committed." The trial court charged that the state had to prove "all the material elements and allegations of each" count before the defendant could be found guilty and that the state's proof must satisfy the trier of fact beyond a reasonable doubt. He recharged on these matters and fully defined each crime and its elements. The

charge given was correct and there was no error in departing from appellant's chosen wording. *Carter v. State,* 146 Ga. App. 322 (3) (246 SE2d 378) (1978).

3. In his third enumeration, the appellant alleges the trial court erred in its refusal to charge as follows: "When you reach a verdict it must be unanimous. In other words, all twelve jurors must agree before a verdict can be rendered. It is the duty of each juror to discuss and consider the opinions of the other jurors. Despite that, in the last analysis it is your individual duty as an individual juror to make up your mind and to decide this case upon the basis of your own individual judgment and conscience. No juror is required to surrender his or her honest opinion because of the honest different opinion of another juror or other jurors or for the purpose of reaching a unanimous verdict." The jury was instructed that the verdict "shall be agreed upon by all twelve jurors," and the charge, taken as a whole, apprised each juror of his individual duty. We find no error. *Porter v. State,* 141 Ga. App. 602, 603 (234 SE2d 100) (1977); *Mize v. State,* 140 Ga. App. 17, 19-20 (230 SE2d 81) (1976).

4. The appellant's fourth enumeration alleges that the trial court's charge as to alibi was impermissibly burden-shifting. This contention is meritless. The charge substantially follows the charge on "alibi" approved by the Supreme Court of Georgia in *Patterson v. State,* 233 Ga. 724, 730 (213 SE2d 612) (1975). The charge given is clearly not burden-shifting inasmuch as it specifically informs the jury that "the burden of proof as to such issue rests upon the State."

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

Argued July 2, 1980 — Decided November 12, 1980 —

*Louise T. Hornsby,* for appellant.

Zack B. Tarplin, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.