## 64828. HAMILTON v. THE STATE.

DEEN, Presiding Judge.

Tony Roe Hamilton was convicted of theft by receiving stolen property and sentenced to serve five years in the state penitentiary.

1. Appellant first contends that the trial court erred in failing to grant his motion for a directed verdict of acquittal because mere possession of recently stolen property will not authorize an inference that he received it with knowledge that it was stolen. *Clarke v. State,* 103 Ga. App. 739 (120 SE2d 673) (1961).

The evidence showed that four rings were stolen during the burglary of the victim's residence and were recovered by the police from a gold buying store. A store employee identified the defendant as the seller of the rings. Appellant testified that he was playing dice with some acquaintances and one man won $50.00 from him. As the man was bragging about his winnings, appellant became angry and snatched a bag from him believing the $50.00 was in the bag. Appellant later discovered the rings in the bag and sold them to the gold buying store. Even if the jury found this testimony to be believable, appellant has admitted selling stolen rings. However, as the jury alone determines the credibility of the witnesses, they could find from his explanation of possession to be unsatisfactory and his act of selling rings that he admitted did not belong to him and using forged identification when he disposed of them sufficient to constitute theft by receiving stolen property. *Allen v. State,* 146 Ga. App. 815 (247 SE2d 540) (1978).

2. The general grounds are also without merit. A rational trier of fact could have found from the evidence presented at trial that the defendant was guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 20, 1982.

*James F. Council, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.