68273. WALKER v. THE STATE.

CARLEY, Judge.

Appellant was convicted of theft by receiving stolen property. He appeals, raising only the general grounds.

A police officer on patrol observed appellant driving erratically. When the officer approached, appellant fled at a high rate of speed. A chase ensued, and appellant eventually wrecked the vehicle he had been driving. Appellant abandoned the car and ran away from the area. A short time later, appellant returned to the scene as a passenger in another automobile. Appellant was lying in the back seat of the vehicle and was partially concealed by an overcoat. When questioned at that time by police officers, appellant stated that he had run from them because he knew that the car's engine was "hot," although he did not know that the car itself was a stolen vehicle. Appellant gave similar testimony at trial, and he further explained that he had borrowed the car from a friend. Another witness corroborated the testimony that appellant had received the car from a friend. However, there was also testimony from two witnesses that, when the police chase began, appellant stated that the car was "hot."

The foregoing evidence was sufficient to sustain the verdict in the instant case. "The knowledge requirement for theft by receiving is satisfied if the defendant either 'knows or should know' the property was stolen." *State v. Bradbury,* 167 Ga. App. 390, 391 (306 SE2d 346) (1983). The jury alone determines the credibility of the witnesses, and it found appellant's explanation of possession and of his conduct to be unsatisfactory. See *Hamilton v. State,* 164 Ga. App. 62 (296 SE2d 257) (1982). Based on all of the evidence adduced at trial, any rational trior of fact could have concluded beyond a reasonable doubt that appellant was guilty of theft by receiving. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Gunn v. State,* 163

Ga. App. 906 (296 SE2d 221) (1982); *Elzey v. State,* 168 Ga. App. 633 (309 SE2d 906) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton,* District Attorney, *Joseph J. Drolet, Carole E. Wall,* Assistant District Attorneys, for appellee.