## A89A1267. STANDER v. THE STATE.
### (387 SE2d 422)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of aggravated sodomy and aggravated child molestation. Appellant appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. Appellant enumerates the general grounds.

"There is no requirement that the testimony of the victim of child molestation be corroborated. [Cit.] Nevertheless, the testimony of the victim in this case was corroborated [by testimony concerning the outcry that she made to her mother]." *Adams v. State,* 186 Ga. App. 599 (1) (367 SE2d 871) (1988). The only conflicting testimony was that given by appellant himself with regard to his alibi. See *King v. State,* 157 Ga. App. 733, 734 (1) (278 SE2d 491) (1981). "[W]e find that a rational trior of fact could reasonably have found from the evidence produced at trial, proof of appellant's guilt of aggravated child molestation [and aggravated sodomy] beyond a reasonable doubt. [Cit.]" *Adams v. State,* supra at 599 (1).

2. The trial court's entry of a conviction and sentence for both aggravated child molestation and aggravated sodomy is enumerated as error. Appellant urges that the two offenses are based on the same facts and that a conviction and sentence for both are violative of federal and state principles of double jeopardy.

"If both of appellant's convictions were in fact based upon the same, single act, only one conviction . . . could stand. *LaPalme v. State,* 169 Ga. App. 540 (313 SE2d 729) (1984); OCGA § 16-1-7, generally." *McCollum v. State,* 177 Ga. App. 40 (1) (338 SE2d 460) (1985). However, the victim testified to several consecutive acts of sodomy and to yet another entirely separate act of sodomy, all of which occurred one morning. Thus, "the evidence authorized the jury to find that more than one instance of [sodomy] occurred, permitting conviction for each offense based on separate occasions." *Kirby v. State,* 187 Ga. App. 88, 89 (2) (369 SE2d 274) (1988). "*LaPalme* is inapplicable, since there were multiple, separate acts as bases for each conviction." *McCollum v. State,* supra at 40 (1).

3. Appellant enumerates the trial court's charge on alibi as unconstitutionally burden-shifting.

The charge was not erroneous, since it essentially tracked the language which was approved in *Patterson v. State,* 233 Ga. 724, 730 (7), fn. 2 (213 SE2d 612) (1975). See also *Kennedy v. State,* 172 Ga. App. 336, 337 (2a) (323 SE2d 169) (1984); *Tarplin v. State,* 156 Ga. App. 407, 408 (4) (274 SE2d 773) (1980). "[T]he record shows that the trial court did charge the jury on alibi, thoroughly and correctly, making it clear that the burden was upon the State to prove that appel-

lant was at the scene of the crime." *Brannon v. State,* 176 Ga. App. 781, 782 (4) (337 SE2d 782) (1985).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989.

*J. M. Raffauf,* for appellant.

*Robert E. Wilson,* District Attorney, *Robert M. Coker, J. Thomas Morgan III,* Assistant District Attorneys, for appellee.