*Sakas*, for appellee.

A90A1380. PITTMAN v. THE STATE.
(397 SE2d 302)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of child molestation. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant enumerates the general grounds.

"There is no requirement that the testimony of the victim of child molestation be corroborated. [Cit.]" *Adams v. State*, 186 Ga. App. 599 (1) (367 SE2d 871) (1988). " 'Nevertheless, the testimony of the victim in this case was corroborated (by testimony concerning the outcry that she made to her [father]).' [Cit.]" *Stander v. State*, 193 Ga. App. 212 (1) (387 SE2d 422) (1989). A rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of child molestation beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant urges that his conviction and sentence are void because his trial was held in the Woodbine City Hall rather than the Camden County Courthouse. However, Woodbine is the county site of Camden County and OCGA § 15-6-18 (a) "contemplates that cases tried at places other than at a courthouse shall be valid. [Cit.]" *Davis v. State*, 240 Ga. 763, 765 (2) (243 SE2d 12) (1978). A verdict returned in "the superior court . . . by a . . . jury sitting in a building, located at the county site, which has been 'provided' by the proper county authorities as the place for holding that term of such court, is not void. . . ." *Cook v. State*, 119 Ga. 108 (3) (46 SE 64) (1903). There being no showing that the Woodbine City Hall had not been provided by the proper county authorities as a place for holding that term of the Superior Court of Camden County wherein appellant was tried, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 12, 1990.

*Clyde M. Urquhart*, for appellant.
*Glenn Thomas, Jr., District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.