## A97A0501. HASH v. THE STATE.
### (487 SE2d 452)

RUFFIN, Judge.

A jury found Robert Hash guilty of theft by receiving. In his sole enumeration of error, Hash argues that the evidence was insufficient to support his conviction. For reasons which follow, we affirm.

" 'On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and [Hash] no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) ((1979)). . . . As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' . . . [Cit.]" *Leigh v. State*, 223 Ga. App. 726, 728 (2) (478 SE2d 905) (1996).

Construed most favorably to support the verdict, the record shows the following. Hash was dating Merri Fries, who lived with her son, Phillip, in a trailer home in Cherokee County, Georgia. While at the trailer home one evening, Hash and Phillip decided to visit Merri at the nearby Waffle House where she worked. The two men drove in

separate cars from the Fries' trailer, and at some point, Hash turned onto a side street. Phillip proceeded to the Waffle House, where Hash met him approximately 30 minutes later. Hash testified that he did not follow Phillip directly to the Waffle House because he stopped briefly at a friend's home.

Hash and Phillip ate at the Waffle House and then returned to the Fries' trailer. Upon their return, they found Merri Fries' bedroom in disarray and determined that the VCR and several compact discs were missing from the living room. Phillip telephoned the police department, which dispatched an officer to investigate and prepare an incident report.

During the investigation, Hash became a suspect in the burglary and was interviewed by Detective Michael Sweat. Sweat testified about the interview as follows. Hash stated that after the theft, he saw the Fries' VCR and other property in a van belonging to Jesse Melton, who told Hash that he stole the property. Hash pulled his car to the side of the van and moved the property from the van to his vehicle. Hash further told Sweat that "he took the items to a house in Kennesaw and that if [the police] went looking for the property there would be a shoot-out."

Detective Sweat testified that he also questioned Melton, who reportedly saw Hash with a VCR and compact discs and discussed selling the VCR with Hash. Melton testified at trial that he bought the VCR from Hash for $60 in drugs.

We find this evidence sufficient to sustain Hash's conviction for theft by receiving stolen property. Under OCGA § 16-8-7 (a), "[a] person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property."

According to Detective Sweat, Hash admitted that he took possession of the stolen property, which he delivered to another location. The State also presented evidence that Jesse Melton saw Hash with a VCR and compact discs and that Hash sold him the VCR for $60 in drugs. On appeal, Hash challenges the credibility of this testimony. Witness credibility, however, is determined by the jury, not this Court. *Leigh*, supra; *Walker v. State*, 171 Ga. App. 926 (321 SE2d 766) (1984).

"Based on all of the evidence adduced at trial, any rational trior of fact could have concluded beyond a reasonable doubt that [Hash] was guilty of theft by receiving. [Cits.]" Id. at 926. Accordingly, his enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 3, 1997.

Before Judge Roach.

*Barry W. Bishop*, for appellant.

*Garry T. Moss, District Attorney, Morris H. Wiltshire, Jr., Kimberly K. Frye, Assistant District Attorneys*, for appellee.