A97A1357. BATES et al. v. THE STATE.
(491 SE2d 200)

McMURRAY, Presiding Judge.

Melvin Grady Bates and Michael Grady Bates were jointly tried before a jury, where each was found guilty of two counts of aggravated assault with a deadly weapon, for the stabbing of Greg Mitchell ("the victim") and an additional assault on him "with a certain pipe, a deadly weapon." Their respective motions for new trial were denied and this appeal followed. *Held*:

1. Defendants claimed self-defense. Although the general grounds are not enumerated, our review of the transcript indicates the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdicts that Melvin Grady Bates and Michael Grady Bates are each guilty, beyond a reasonable doubt, of each count of aggravated assault with a deadly weapon as alleged in the indictment.

2. In their first and second enumerations, defendants allege the trial court improperly placed their characters in issue and improperly shifted the burden of proof to defendants by stating to the jury at the beginning of trial, "Ladies and Gentlemen, members of the jury we will be trying a criminal today."

The trial court is authorized by OCGA § 5-6-41 (f) to accept amendments to the transcript in order to correct typographical errors and to make the transcript conform to the truth. See *Clanton v. State*, 208 Ga. App. 669, 670 (2) (431 SE2d 453). By certified supplemental transcript, the court reporter in the case sub judice has submitted a substitute "page twelve, in the above-referenced trial transcript, [to

be] attached to said original transcript as being the corrected page number 12." The court reporter's certificate vows that the trial proceedings were "transcribed under [her] supervision and the same is a true, complete and correct transcript of the same." According to the corrected transcript, the trial court actually stated: "Ladies and Gentlemen, members of the jury we will be trying a criminal *case* today." (Emphasis supplied.) Consequently, we hold defendants' first two enumerations are not supported by the record and are without merit.

3. Defendant's third enumeration contends "TO THE EXTENT THAT ANY OF THE ABOVE [TWO] ENUMERATIONS OF ERROR ARE DISALLOWED FOR FAILURE TO BE RAISED BELOW THEN THE CASE SHOULD BE REVERSED DUE TO INEFFECTIVE ASSISTANCE AT TRIAL." Since we have considered the merits of defendant's other enumerations of error, the contention that trial counsel might have jeopardized defendant's rights obviously is without merit. *Miller v. State*, 208 Ga. App. 547, 548 (2) (430 SE2d 873).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 12, 1997.

*Claude M. Kicklighter, Jr., Ronald K. Thompson,* for appellants.
*R. J. Martin III, District Attorney, Michael T. Muldrew, Assistant District Attorney,* for appellee.