## A99A1417. SKILLERN v. THE STATE.
### (521 SE2d 844)

McMurray, Presiding Judge.

Defendant Warren Roland Skillern, a/k/a Warren Roland McWain, was charged in an indictment with enticing a child for indecent purposes (Count 1), child molestation (Count 2), two counts of aggravated child molestation (Counts 3 and 4), rape (Count 5), and cruelty to children (Count 6) for sexual acts directed at the minor victim, J. H., in August 1993. The jury acquitted him of Counts 1 and 4, but found him guilty as charged on all other counts. Defendant's motion for an out-of-time appeal was granted, and defendant moved for a new trial raising the special ground of ineffective assistance of trial counsel. After an evidentiary hearing, this motion was denied, and this appeal followed. *Held*:

1. Defendant first challenges the sufficiency of the evidence to support his conviction for rape as alleged in Count 5.

The ten-year-old victim testified that defendant, a family friend, took her to a Days Inn motel room where he ordered the victim to "pull [her] nightclothes off" while defendant removed his own clothes. He told the victim to "sit on his private part," which did not feel good on the victim's "moo-moo." Defendant then had the victim lie on her back. "He got up on top of [the victim,]" so that his private touched the outside of her private, and it hurt. Defendant offered the victim $20 if she "let [him] put his private in [her]." The victim confirmed that although she did not want him to do so, defendant "tried to force his private inside of [her]." "He couldn't get it in and it hurt [the victim] real bad." Phillip Nolan Gray, M.D., testified that the hymenal ring of a ten-year-old child is "[p]retty sensitive," and in order to touch it, one would have to "separate the labia" because it is not on the outside of the child's body.

A person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. OCGA § 16-6-1 (a) (1). Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ. OCGA § 16-6-1 (a). "It is not necessary that the vagina be entered or that the hymen be ruptured; the entering of the vulva or labia is sufficient." *Hall v. State*, 29 Ga. App. 383, hn. 1 (a) (115 SE 278). Accord *Morris v. State*, 54 Ga. 440, 441. But see *Newton v. State*, 259 Ga. 853 (2) (388 SE2d 698). In the case sub judice, the victim's lack of consent is established by proof that she was under the age of consent established by OCGA § 16-6-3, defining statutory rape. *Collins v. State*, 229 Ga. App. 658 (1) (a) (495 SE2d 59), aff'd, 270 Ga. 42 (508 SE2d 390). The element of force is established by the victim not wanting defendant to enter her, as well as defendant's intimidation of the victim that she would get "tooken [sic] away" if she told. *Johnson v. State*, 216 Ga. App. 858, 860 (2)

(456 SE2d 251). The victim's testimony that defendant tried to force himself into her and that this hurt her private authorizes the rational inference that defendant penetrated the victim's vulva or labia with his sex organ, hurting the sensitive hymenal ring, without entering the vagina. *Jackson v. State*, 157 Ga. App. 604 (1) (278 SE2d 5). This is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of rape as alleged in Count 5 of the indictment. *Lee v. State*, 197 Ga. 123 (1) (28 SE2d 465). Accord *Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128).

2. Next, defendant contends the trial court erred in charging the entirety of OCGA § 16-6-4 (c), because he was charged with aggravated child molestation only by committing sodomy on the minor victim, whereas the State introduced evidence that defendant hurt the victim, thus raising the possibility that the jury believed he committed aggravated child molestation in a manner not charged in the indictment, by causing physical injury to the child. Review of the transcript reveals that, without any limiting instructions, the trial court charged that aggravated child molestation occurs when a person "commits an offense of child molestation that physically injures the child or involves an act of sodomy."

> It is not usually cause for a new trial that an entire Code section is given even though a part of the charge may be inapplicable under the facts in evidence. However, it is error to charge the jury that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury.

(Citations and punctuation omitted.) *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48). Under the controlling authority of *Perguson v. State*, 221 Ga. App. 212, 214 (1) (470 SE2d 909), this enumeration has merit.

In the case sub judice, proof that defendant hurt the child by his forcible attempts at complete penile entry is not the only evidence of physical injury. The victim testified that, when defendant tried to penetrate her digitally, it hurt, even though he had her use a lubricant. Although proof that defendant made the victim sit on his mouth, where she could feel his beard on her private is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to

authorize defendant's conviction for aggravated child molestation as alleged in Count 3 of the indictment, we reverse this conviction because there is a reasonable possibility the jury convicted defendant of aggravated child molestation by committing an act of child molestation that physically injured the child. *Perguson v. State*, 221 Ga. App. at 214 (1), supra. Jury instructions in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court. *Hightower v. State*, 210 Ga. App. 386, 388 (3) (436 SE2d 28). Without a limiting instruction directing the jury to consider only whether defendant committed aggravated child molestation in the manner specified in the indictment, the charge on the entire Code section 16-6-4 (c) violated due process, and the error in this instance cannot be deemed harmless. *Dukes v. State*, 265 Ga. 422, 424 (457 SE2d 556).

3. Defendant next contends the trial court erred in overruling his motion for new trial, arguing all of his convictions should be reversed due to the alleged ineffective assistance of his trial counsel. The three specific allegations of ineffective assistance are that trial counsel failed to investigate the case adequately; failed to procure expert testimony; and failed to call character witnesses requested by defendant.

> When inadequate representation is alleged, the critical factual inquiry ordinarily relates to whether the defendant had a defense which was not presented; whether trial counsel consulted sufficiently with the accused, and adequately investigated the facts and the law; and whether the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. Generally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.

(Citations, punctuation and emphasis omitted.) *Johnson v. State*, 214 Ga. App. 77 (1) (447 SE2d 74).

In the case sub judice, it is not necessary to address specifically and individually each and every one of defendant's instances of challenged trial tactics. It is sufficient to note that strategic choices, such as which witnesses to call or whether and how to conduct cross-

examination, made after a thorough investigation are virtually unchallengeable. *Stephens v. State,* 265 Ga. 120, 122 (2) (453 SE2d 443); *Flemister v. State,* 229 Ga. App. 8, 9 (2) (492 SE2d 907). We have examined the transcript of the hearing, where counsel defended his decisions not to pursue certain avenues after the trial court declined to order the child witness to submit to psychological evaluation, and not to employ evidence of the Child Abuse Accommodation Syndrome, which was, in counsel's professional judgment, inapplicable. This is sufficient evidence to support the trial court's ultimate conclusion that defendant failed to show ineffectiveness under the standards of *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674). *Flemister v. State,* 229 Ga. App. at 9 (2), supra. Accord *Ivory v. State,* 234 Ga. App. 858, 861 (4) (508 SE2d 421).

4. Since defendant's appeal has been heard and decided on the merits, his fourth enumeration is without merit. *Bates v. State,* 228 Ga. App. 140, 141 (3) (491 SE2d 200); *Miller v. State,* 208 Ga. App. 547, 548 (2) (430 SE2d 873). Defendant's convictions for child molestation under Count 2, for rape under Count 5, and for cruelty to children under Count 6 are affirmed. For the reasons expressed in Division 2, defendant's conviction for aggravated child molestation under Count 3 of the indictment is reversed, and the case is remanded for a new trial as to that count.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1999 —
RECONSIDERATION DENIED SEPTEMBER 14, 1999 —

*Wallace W. Rogers, Jr.,* for appellant.
*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney,* for appellee.