### A99A1211. DURHAM v. THE STATE.
(525 SE2d 757)

PHIPPS, Judge.

Vernie A. Durham, Jr. appeals his conviction by a Walker County jury of one count of rape and two counts of statutory rape. We reverse the rape conviction because the trial judge erroneously instructed the jury that "[s]exual acts directed to a child under the age of sixteen" are forcible as a matter of law. We affirm Durham's convictions for statutory rape because we find no error relative to those convictions.

The victim, a 15-year-old girl, was living in Chattanooga, Tennessee, when she met Durham. She traveled with Durham to his sister's house in Lafayette, Georgia, where she and Durham had sexual intercourse twice. The victim testified that she had sexual intercourse with Durham because she was afraid of him and that she went to Georgia with him because he had threatened to shoot her or to kill her father. Also she testified that she had written Durham a love letter. She gave a written statement to the police that "Vernie [Durham] did not force me to go with him or force me to do anything with him."

1. In *State v. Collins*,[1] the Supreme Court of Georgia reaffirmed its earlier decision in *Drake v. State*,[2] stating, "we choose to reaffirm [*Drake*'s] holding that the [S]tate must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age." The Supreme Court, in the

---

recent case of *Brewer v. State*,[3] again cites favorably to *Drake*, noting that "recognition of an additional presumption of force arising solely from the victim's age in forcible rape cases would effectively eliminate the strict liability crime of statutory rape. . . ." *Brewer* followed the logic of *Collins* to hold that "force is a separate essential element which the State is required to prove to obtain a conviction for aggravated sodomy against a victim under the age of consent."[4]

Here, the trial court instructed the jury that "[s]exual acts directed to a child under the age of sixteen years are in law forcible and against her will." The State admits that this is an inaccurate statement of the law under *Collins*. Nevertheless, the State maintains that Durham's rape conviction should be upheld, claiming that the charge was not enumerated as error by Durham, that *Collins* should not be applied retroactively, and that the trial court's charges on rape, taken as a whole, adequately informed the jury of the applicable law.

At trial, Durham excepted "to the [trial court's] statement about the underage proving force and lack of consent on the rape charge." Durham also complained of the charge in his motion for new trial and in his appellate brief. Durham enumerates as error the trial court's grant of the State's requests to charge on "the lack of necessity for proof of force and lack of consent for persons under 16 years of age." Although the trial court did not give the specific charges enumerated as error, the basis on which Durham claims that the trial court erred in its charges is obvious from the record. Durham has sufficiently enumerated, and has not abandoned or waived, the issue of an improper jury charge on the element of force.

When this case was tried, *Drake* was the applicable law. *Drake* requires the State to "prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age."[5] Like this case, *Drake* involved accusations of both rape and statutory rape. The court granted certiorari in *Collins* to determine whether *Drake* remained good law. In *Collins*, the Supreme Court reaffirmed *Drake* and distinguished the cases that appeared to be inconsistent with it. Consequently, *Drake*, as affirmed in *Collins* and *Brewer*, applies here.

The trial court's erroneous jury instruction relieved the State of the burden of proving the essential element of force as a factual matter. The other charges did not cure the error. Therefore, we must reverse the rape conviction.

2. The only enumeration of error by Durham which arguably

---

[3] 271 Ga. 605, 606 (523 SE2d 18) (1999).
[4] Id.
[5] *Collins*, supra, 270 Ga. at 43.

bears on his conviction for statutory rape is that "[t]he trial court erred in allowing into evidence proof of similar transactions without a notice prior to trial."

The trial court admitted in evidence statements by the victim of previous acts of sexual intercourse with Durham in Tennessee. Durham argues that the prosecution failed to provide notice of this testimony prior to trial in violation of Uniform Superior Court Rule 31.3 and that the trial court erred in admitting it. In *Wall v. State*,[6] the Supreme Court of Georgia held that USCR 31.1 and 31.3 "should not be applied to instances of prior difficulties between the defendant and the victim."[7] The admission of the "prior difficulty" testimony was accompanied by a limiting jury instruction. We find no error by the trial court, and Durham's convictions on the statutory rape counts are affirmed.

Because we reverse Durham's rape conviction, his enumerations of error 1 through 4 and 7, are moot.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 19, 1999.

*Charles G. Wright, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.

---

[6] 269 Ga. 506, 507 (2) (500 SE2d 904) (1998).
[7] Id. at 509 (2).