## A00A0760. MINTER v. THE STATE.
(537 SE2d 769)

SMITH, Presiding Judge.

After being granted leave to file an out-of-time appeal, Darren Minter filed a motion for new trial. He appeals from the trial court's denial of this motion and from his conviction of rape and three counts of child molestation. He raises nine enumerations of error, contending that the evidence was insufficient to support his conviction for rape and one count of child molestation; that the trial court erred in several respects in its charge to the jury and in sentencing him; and that he was denied effective assistance of counsel. We agree with Minter that the evidence was insufficient to support his rape conviction, and we reverse that conviction. We also find that Minter was sentenced improperly, and we therefore vacate his sentence and remand the case for resentencing. We otherwise find no merit in Minter's remaining contentions, and we affirm the remaining portions of the judgment.

---

[8] *Seckinger & Co. v. Foreman*, 252 Ga. 540, 541 (2) (314 SE2d 891) (1984).
[9] See *Sadeghi v. Suad, Inc.*, 219 Ga. App. 92, 93 (464 SE2d 234) (1995).

Minter lived with the victim, who was 14 at the time of trial, her siblings, an infant cousin, and the victim's mother. The victim testified that on one occasion, when she was almost thirteen, she was left alone in their home with Minter and her baby cousin. She testified that Minter entered her room, took off his clothes and hers, and had sex with her. He wiped some semen off the floor with a tissue and told the victim, "This stuff will make you have babies." The victim later gave the tissue to the police. While the victim was looking in the telephone book to find her aunt's telephone number, her mother and her siblings returned home. The victim told her sister that Minter had sex with her, and her sister told her mother, who called the police.

The victim also testified that Minter had placed his fingers in her vagina and had sucked her chest and left a bruise. She testified that she did not want Minter to have sex with her. She testified that he began touching her when she was eight or nine years old and touched her several times since then. She estimated he had placed his penis in her vagina "about three or four times" and touched her private parts "probably 50 times." Although she never wanted it to happen, she did not tell her mother every time, because "every time even I tell her, she wouldn't still believe me."

The victim was taken to Grady Hospital and examined and a rape kit done. The pediatric nurse who examined the victim testified that she observed "crusting" in the victim's pubic hair consistent with dried semen. Examination of the rape kit showed partially intact sperm. DNA analysis revealed that Minter was probably the donor.

Minter testified at trial and denied ever committing any sexual act upon the victim, even denying that the semen on the tissue was his.

1. In two enumerations, Minter claims that insufficient evidence was presented to authorize the jury to find him guilty of forcible rape. He argues that no evidence of force was presented, and under *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998), the State "must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age." Id. at 43. On this basis he also challenges the trial court's charge to the jury on Count 1, rape, because the trial court instructed the jury that "sexual acts directed to a child are, in the law, forcible and against the will of the child."

The State's argument that at the time of trial *Collins* had not been decided and it therefore does not apply has been decided adversely to the State. *Durham v. State*, 241 Ga. App. 24-25 (1) (525 SE2d 757) (1999). *Collins* merely reaffirmed the rule in *Drake v. State*, 239 Ga. 232 (236 SE2d 748) (1977) and created no new law.

Although sufficient evidence was certainly presented that Minter had sexual intercourse with the victim, and we could agree

that it was against her will, we cannot agree with the State that sufficient evidence was presented of force to make the jury instruction harmless. In fact, when the prosecutor questioned the victim about the incident, stating that "you indicated he raped you," the victim responded: "I didn't say he raped me. . . . [T]hey said he had raped me. I didn't." She testified that Minter never used force against her, threatened her, hit her, or told her not to tell anyone.

In this case, the trial court gave the jury the same charge that we held in *Durham* was reversible error. Id. at 25 (1). This "relieved the State of the burden of proving the essential element of force as a factual matter." Id. Here, as in *Durham*, therefore, the rape conviction must be reversed.

2. We cannot agree with Minter, however, that insufficient evidence was presented by the State to authorize the jury to find him guilty of Count 3, which charged Minter with child molestation by placing his hands on the breasts of the victim. He argues that the victim herself testified that he "sucked" her breast but did not touch her breasts with his hand. First, the victim testified that he pulled her shirt up with his hands. And the first police officer to talk with her testified that she told him Minter was "touching her on her breast and groin area" and pointed out both areas to him.

This court cannot weigh this conflicting evidence or determine the credibility of the witnesses. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Citations and punctuation omitted.) *Hash v. State*, 226 Ga. App. 643 (487 SE2d 452) (1997). Considering the evidence presented here in the light most favorable to the jury's verdict, sufficient evidence was presented to authorize the jury to find Minter guilty of child molestation by touching the breasts of the victim as alleged in Count 3 of the indictment under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Minter contends the trial court erred in charging the jury that child molestation is committed when one "does any immoral or indecent act to and in the presence of any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of the person." Although this is the correct statutory definition of child molestation, Minter argues that because the child molestation counts in the indictment made specific and detailed allegations regarding how the crime was committed, it was error for the trial court to charge the statute generally. He contends the general instruction permitted the jury to find him guilty of child molestation in a manner not alleged in the indictment, such as touching the victim's breast with his mouth. See *Skillern v. State*, 240 Ga. App. 34, 35-36 (2) (521 SE2d 844) (1999).

First, in *Skillern*, the entire Code section on aggravated child molestation was charged when the defendant was accused of committing the crime in only one of two possible ways. Part of the Code section, therefore, was inapplicable to the facts of that case. Here, no part of the Code section charged was inapplicable to the facts of the case. The charge in its entirety was necessary.

Moreover, when evaluating alleged error, the charge must be considered as a whole, rather than reviewed piecemeal. *Leigner v. State*, 213 Ga. App. 871, 872 (3) (446 SE2d 770) (1994). Although the trial court charged the general statutory definition of child molestation, the instruction also specified the particular acts constituting the "immoral and indecent acts" with which Minter was charged in the indictment and informed the jurors that the State must prove every material allegation in the indictment beyond a reasonable doubt. This was not error.

4. Although the acts of child molestation alleged in Counts 2, 3, and 4 were committed at the same time and place, they did not merge. The victim testified clearly that Minter placed his penis in her vagina, thereby proving Count 2, and that he inserted his fingers into her vagina both before and after the act of sexual intercourse, thus proving Count 4. Count 3 alleged that Minter touched her breasts with his hand. This was shown by the police officer's testimony, discussed in Division 2. None of the evidence supporting each of these counts was "used up" in proving a different count. See *Stander v. State*, 193 Ga. App. 212 (2) (387 SE2d 422) (1989).

5. In light of our reversal of Minter's conviction for rape, we need not consider his contentions that Count 2 (child molestation by inserting his penis into the victim's vagina) merged with Count 1 (rape) and that his sentencing on Count 1 was improper.

But Minter raises a valid contention with regard to his sentencing on the remaining charges. In imposing sentence, the trial court remarked that "the sentence that I have imposed under the recidivist statute . . . is pretty much a statutory, mandated sentence that I can't really probate or suspend." This was incorrect. Under OCGA § 17-10-7 (a), although the trial court was required to impose the maximum penalty, she had discretion to probate or suspend it. The trial court's remarks do not indicate a recognition of this discretion. We therefore must vacate Minter's sentence and remand this case to the trial court for resentencing. Upon remand, the trial court has the authority to reimpose the maximum penalty without probation or suspension. But the exercise of that discretion must be reflected in the record. *Bradshaw v. State*, 237 Ga. App. 627, 629-630 (22) (516 SE2d 333) (1999).

6. Minter next asserts he was denied effective assistance of counsel when counsel failed to object to the admission of part of a video-

taped interview with the victim in which the detective conducting the interview informed the victim that what Minter did was wrong and a violation of the law. He argues that this portion of the tape clearly invaded the jury's province as a statement of opinion about Minter's guilt. *Sims v. State*, 260 Ga. 782, 784 (4) (399 SE2d 924) (1991). Portions of the tape were, in fact, not shown to the jury as the result of a pretrial ruling by the trial court. But the record does not indicate which portions of the tape were shown to the jury and which were not. Minter cannot establish that the objected-to portion of the tape was shown to the jury. Because Minter has failed to complete the record as to this issue, nothing exists for us to review. *Burns v. State*, 196 Ga. App. 732 (2) (397 SE2d 19) (1990).

But even assuming the objectionable portion of the tape was shown, Minter has not carried his burden of showing ineffective assistance of counsel. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to prove such a claim, a defendant must show both that his trial counsel performed in a deficient manner and that the outcome of the trial would have been different but for counsel's deficiency. *Wynn v. State*, 228 Ga. App. 124, 127 (2) (491 SE2d 149) (1997). Even if we were to assume that counsel's performance was deficient in the manner alleged by Minter, he has failed to satisfy the second prong of the *Strickland* test. He has not shown that the outcome of the trial would have been different but for this deficiency. Given the overwhelming evidence of child molestation, the trial court correctly determined that Minter's claim of ineffective assistance of counsel was meritless.

*Judgment affirmed in part and reversed in part. Sentences vacated and case remanded for resentencing. Miller, J., concurs. Pope, P. J., concurs specially.*

POPE, Presiding Judge, concurring specially.

Upon the authority of our Supreme Court's decision in *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998), I must concur fully in the majority's opinion in this case.

I note, however, that following the *Collins* decision, the Georgia legislature amended the state's rape statute to provide that the offense of rape is committed where a person has carnal knowledge of a female under ten without requiring that the act occur either forcibly or against the victim's will. OCGA § 16-6-1 (a) (2); Ga. L. 1999, p. 666, § 1. According to the testimony in this case, Minter began touching the victim when she was just eight or nine years old, and he had put his penis in her vagina about three or four times. Thus, proof of force may not have been necessary to establish a charge of rape against Minter under the current law. Moreover, if he had been charged with statutory rape, instead of rape, the result here would

have been different because no proof of force is required for the former offense. OCGA § 16-6-3. But the potential absurdity and tragedy of this case on the existing record are that Minter could have escaped punishment for his actions if rape had been the only charge filed against him. As it is, however, we are affirming his conviction and sentence on three counts of child molestation.

DECIDED JULY 26, 2000.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.