A07A1245. BROWN v. THE STATE.
(655 SE2d 287)

PHIPPS, Judge.

Evan Brown was convicted of committing against his wife the crimes of rape, aggravated sodomy by inserting his penis into her anus, aggravated assault with a knife, and kidnapping with bodily injury. Brown was convicted of committing against his wife's 12-year-old daughter the crimes of forcible rape, aggravated child molestation by placing his mouth on her vagina, child molestation by placing his penis on her face, cruelty to children by causing her mental pain by raping her mother in her presence, aggravated assault with a knife, and kidnapping. Brown contends on appeal that the trial court erred by rejecting his claim that he was deprived of effective assistance of counsel. For reasons that follow, we affirm.

1. Brown claims that the trial court erred in rejecting his claim that his trial counsel rendered ineffective assistance. To prevail on such a claim, a defendant must establish, pursuant to *Strickland v. Washington*,[1] that counsel's performance was deficient and that the deficient performance prejudiced his defense.[2] In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[3]

(a) Brown complains that his trial counsel failed to prepare him to testify. He asserts that he therefore did not testify, and consequently, the jury never heard "his side of the story."

---

[1] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Conaway v. State*, 277 Ga. 422, 424 (2) (589 SE2d 108) (2003).

[3] *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000) (footnote omitted).

Brown essentially argues that, by failing to prepare him to testify, his trial counsel effectively prevented him from testifying.

> [W]here a defendant alleges that counsel rendered ineffective assistance by preventing him from testifying, he must show that this action actually prejudiced his defense such that, had he testified, there is a reasonable probability that the result of the proceeding would have been different.[4]

In this regard, Brown states in his appellate brief, "Appellant's sole defense to the charges on which he was convicted was that he simply did not commit them." Although Brown testified at the motion for new trial hearing, he gave no account of anything that would have supported this defense. He claimed at the motion for new trial hearing that his wife and stepdaughter had lied at his trial, but did not allege any specific lie. Furthermore, the record confirms that the jurors were adequately charged that Brown was denying all charges and that witness credibility was a question for them to decide. Having failed to demonstrate a reasonable likelihood that the outcome of his trial would have been different had he testified, Brown has not established ineffective assistance of counsel.[5]

(b) Brown complains that his trial counsel failed to secure the presence of a sufficient number of defense witnesses.

> In assessing the prejudicial effect of counsel's failure to call a witness (whether that failure resulted from a tactical decision, negligent oversight, or otherwise), a petitioner is required to make an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case.[6]

Having failed to establish at the motion for new trial hearing what any such individual would have testified had he or she been called, Brown has not demonstrated ineffective assistance of counsel.

(c) Brown asserts that his trial counsel was ineffective because she promised during opening statement certain evidence, which he claims was not presented. Brown cites *McAleese v. Mazurkiewicz*[7] for the proposition that when counsel primes the jury to hear a different version of the events from what he ultimately presents, one may infer

---

[4] *Turpin v. Curtis*, 278 Ga. 698, 700 (1) (606 SE2d 244) (2004) (citations omitted).

[5] See id.; *Sims v. State*, 278 Ga. 587, 592 (3) (d) (604 SE2d 799) (2004); *Stroud v. State*, 284 Ga. App. 604, 614 (3) (d) (644 SE2d 467) (2007).

[6] *Robinson v. State*, 278 Ga. 31, 35 (3) (b) (597 SE2d 386) (2004).

[7] 1 F3d 159 (3d Cir. 1993).

that reasonable jurors would think the witnesses to which counsel referred in his opening statement were unable to deliver the promised testimony.[8]

We can assess neither the degree nor the effect of an unfulfilled promise to produce evidence because opening statements were not transcribed. "It is the duty of appellant to show error by the record...."[9] And it is "the state of an appellate record and transcript duly before us at the time of our original disposition of the appeal" that controls our appellate review.[10] Although Brown might have perfected the record in regard to this claim of error,[11] he did not. Moreover, the trial court instructed the jury during its preliminary charge that each side would present an opening statement, which the court defined as "merely the opportunity for the attorney to state to you what they anticipate the evidence will be." No reversible error has been shown.

2. Brown contends that he "was denied his right to the effective assistance of counsel by the state's refusal to allow trial counsel adequate access to him for the purpose of preparing for his testimony and to review the state's evidence during trial." Specifically, he complains that personnel at the county jail where he was being housed refused his attorney's requests for contact visits (i.e., face-to-face conferences) with him during the trial.

Blanket prohibitions on defendants' communication with their attorneys have been held to violate the Sixth Amendment right to counsel.[12] But there is no claim of any blanket prohibitions imposed upon Brown's access to his attorney. While "[n]ot every restriction on counsel's time or opportunity to ... consult with his client ... violates a defendant's Sixth Amendment right to counsel,"[13] the Supreme Court of Georgia has recognized "the basic proposition that [detained defendants] are denied meaningful access to their counsel in violation of the Sixth Amendment if, in the facilities provided for attorney-client conferences, conversation is difficult and privacy is impossible."[14]

Nevertheless, this claim was not raised in Brown's motion for new trial or his amended motion for new trial, which was filed after

---

[8] Id. at 166-167.

[9] *Thompson v. State*, 248 Ga. App. 74, 75 (544 SE2d 510) (2001) (citation and punctuation omitted).

[10] *Williams v. Food Lion*, 213 Ga. App. 865, 868 (446 SE2d 221) (1994).

[11] See *Bates v. State*, 228 Ga. App. 140 (2) (491 SE2d 200) (1997) (trial court is authorized by OCGA § 5-6-41 (f) to accept amendments to the transcript to make the transcript conform to the truth).

[12] See *Geders v. United States*, 425 U. S. 80 (96 SC 1330, 47 LE2d 592) (1976).

[13] *Morris v. Slappy*, 461 U. S. 1, 11 (103 SC 1610, 75 LE2d 610) (1983); see, e.g., *Perry v. Leeke*, 488 U. S. 272 (109 SC 594, 102 LE2d 624) (1989).

[14] *Wright v. State*, 250 Ga. 570, 572 (1) (300 SE2d 147) (1983).

he retained new counsel. At the hearing on Brown's amended motion, Brown's attorneys made no argument that governmental interference deprived him of effective assistance of counsel. And the trial court did not address whether governmental interference had deprived him of effective assistance, either in its extended remarks at the end of the hearing concerning the arguments raised or in its written order denying Brown's motion. The record before us reveals that the contention argued here was neither raised nor ruled on by the trial court; consequently, it was waived.[15]

Furthermore, Brown has failed to demonstrate that the facilities for no-contact attorney-client conferences made conversation difficult or privacy impossible. In his brief, he asserts that, because he was denied a contact visit, his only option was to review the state's evidence with his attorney "in a non-confidential setting and under conditions that rendered such review nearly impossible." But he does not support this summary assertion by citation to the record. He cites no evidence describing the facilities available for no-contact visits. Nor does he cite evidence showing that such facilities failed to provide either privacy or effective means of communication for such visits.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 30, 2007.
Effective assistance of counsel. DeKalb Superior Court. Before Judge Coursey.
*Ann T. Shafer*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

---

[15] See generally *Bagwell v. State*, 270 Ga. 175, 179 (1) (f) (508 SE2d 385) (1998) ("allegation[ ] of ineffectiveness [is] deemed waived because a defendant is obligated to raise all allegations of ineffectiveness of counsel at the earliest practicable moment").