### A08A0904. STOVER v. THE STATE.
(666 SE2d 602)

MILLER, Judge.

A DeKalb County jury found Teyon Stover guilty of rape, two counts of kidnapping, three counts of child molestation, and aggravated assault. Stover appeals, contending that the trial court erred in its charge to the jury on the issues of force and consent, and that he received ineffective assistance of counsel. For the reasons that follow, we find no reversible error and affirm.

Viewed in a light most favorable to the jury's verdict, the evidence shows that on the morning of January 25, 2006, 15-year-old

K. H. was walking to a bus stop. A man approached her and asked her name and whether she had a boyfriend. The man grabbed K. H. from behind, told her to get in his car, and, when he pulled out a gun, she complied.

The man told K. H. to put her head between her legs, drove her to a place she did not recognize, and ordered her to take her pants off. The man told her to cooperate if she did not want to be hurt. He then "took his pants off and . . . had unwanted sex with [her]," also touching K. H.'s vagina with his finger, and kissing her on the neck.

Afterward, the man drove K. H. to the bus stop to which she had been en route. K. H. exited the vehicle leaving behind her notebook. She noted the car's license plate, waited for the man to drive off, and then cried rape to a woman who was exiting a nearby post office. According to the woman, K. H. was "crying and she was frantic and her clothes were unbuttoned." After the police arrived, K. H. told them what had happened and gave them the license plate number.

Later that morning, a medical doctor examined K. H. According to the doctor, K. H. had a vaginal injury which, considering the placement of the tear, exhibited a "high probability" of forced entry. The doctor completed a sexual assault kit, but later analysis of the sample at the crime laboratory failed to show the presence of DNA other than that of K. H.

In a separate incident, evidence showed that 21-year-old T. B. was walking to a bus stop on the morning of February 3, 2006. She observed a man cross over from the opposite side of the street. The man followed her, asking her name. He grabbed her from behind, dragged her, and threatened her with a gun, letting her go only when a passing car stopped. T. B. ran to the car, and a passenger therein called 911.

This incident occurred less than a mile away from the place of K. H.'s abduction. Concerned about the similarities between the two crimes, the responding police officer decided to canvass the area. In a nearby cul-de-sac, the officer spotted a car with a license plate number that was only one digit off from the number provided to police by K. H.[1] Stover appeared on the scene during the ensuing investigation and, among other things, told an officer that he owned the car. Inside the car, police found a notebook with K. H.'s name written in it.

At trial, K. H. identified Stover as her assailant. T. B. also identified Stover as the man who attacked her.

---

[1] Although the officer testified that the plate was only one digit off, evidence showed that K. H. had also added an extra "0" to the plate number.

1. (a) Stover contends that the trial court erroneously instructed the jury to presume that a sexual act was forcible in the case of a child victim. We agree.

"A person commits the offense of rape when he has carnal knowledge of: (1) A female forcibly and against her will; or (2) A female who is less than ten years of age." OCGA § 16-6-1 (a). Accordingly, the State was required to prove the element of force to convict Stover of raping 15-year-old K. H. *Minter v. State*, 245 Ga. App. 327, 329 (1) (537 SE2d 769) (2000); *Durham v. State*, 241 Ga. App. 24, 25 (1) (525 SE2d 757) (1999). See also *State v. Collins*, 270 Ga. 42, 45 (508 SE2d 390) (1998) (noting that the Court had previously abandoned the presumption that a rape was forcible based solely on the fact that a victim was under the age of consent).[2]

The trial court correctly charged the jury that a person commits the crime of rape when he has carnal knowledge of a female forcibly and against her will, and that the State must prove the element of force beyond a reasonable doubt. The trial court subsequently charged the jury in connection with the crime of child molestation that: "Sexual acts directed towards children are presumed under the law to be forcible and against the will of the child." The foregoing instruction was not applicable to the child molestation charge because force was not an element of that crime. Nor was it an accurate statement of the law as to rape. See *Durham*, supra, 241 Ga. App. at 25 (1). The charge was not corrected. The trial court then charged the elements of rape again, stating that "the State must prove the element of force involving an adult alleged victim beyond a reasonable doubt." Given the latter two charges, it is reasonably likely that the jury would have understood that in considering whether Stover raped a 15-year-old victim such as K. H., they must presume that sexual acts directed against her were forcible. See *Isaacs v. State*, 259 Ga. 717, 734-735 (35) (b) (386 SE2d 316) (1989) (an instruction containing a mandatory presumption as to an element of the offense is invalid). Thus, although the trial court gave an initially correct charge as to the element of force in the crime of rape, the trial court's charge subsequently introduced an impermissible presumption as to that element. We cannot assume that the jury chose to ignore the presumption. See, e.g., *Johnson v. State*, 148 Ga. App. 702, 704 (2) (252 SE2d 205) (1979) (court should not give two conflicting rules of law and leave the jury to choose between them). Accordingly, the charge was erroneous.

---

[2] *Collins* was superseded by statute as stated in *State v. Lyons*, 256 Ga. App. 377, 378-379 (568 SE2d 533) (2002), but *Collins'* reasoning applies here inasmuch as K. H. was under the statutory age of consent but not less than ten years of age.

(b) The State contends that the erroneous charge is nevertheless harmless in light of the overwhelming evidence of Stover's guilt in the rape of K. H. We agree.

The trial court's erroneous instruction created an impermissible mandatory presumption as to the required element of force. See *Sandstrom v. Montana*, 442 U. S. 510, 522 (III) (99 SC 2450, 61 LE2d 39) (1979). However, "[a]n impermissible *Sandstrom* instruction is harmless so long as the instruction was applied to an element of the crime that was not at issue in the trial, and if the evidence of guilt is overwhelming." (Citation and punctuation omitted.) *Mohamed v. State*, 276 Ga. 706, 708-709 (1) (583 SE2d 9) (2003).

The State presented evidence that Stover kidnapped, raped, and molested K. H. As to the evidence of force, K. H. testified that she engaged in "unwilling sex" after she had been abducted at gunpoint and then threatened with harm if she failed to comply with Stover's commands. "The element of force is shown if the defendant's words or acts were sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to herself or others." (Citation and punctuation omitted.) *Dasher v. State*, 281 Ga. App. 326, 328 (1) (a) (636 SE2d 83) (2006). The circumstantial evidence is also consistent with the use of force, including particularly the injury to K. H.'s vagina and the eyewitness description of K. H. immediately following the attack.

In contrast, Stover failed to controvert the State's evidence showing that K. H. was raped, including the element of force. See *Neder v. United States*, 527 U. S. 1, 18 (II) (B) (119 SC 1827, 144 LE2d 35) (1999) (finding of harmless error appropriate if omitted element is supported by uncontroverted evidence). Rather, the theory of the defense was mistaken identity. Consistent with this strategy, Stover successfully moved for the exclusion of his statements to police that he and K. H. had engaged in consensual sex. Defense counsel also pursued this defense by, among other things, raising the possibility that police had arrested the wrong man because the police investigation showed that there was a man whose car's license plate matched the number given to police by K. H.,[3] while Stover's car's license plate was only a near match.

Stover also points out that defense counsel asked the medical doctor who examined K. H. if the abrasion on her vagina could "have been caused by consensual sex, as well as from a rape." This question, however, failed to place force into issue as an alternate defense, particularly in light of the doctor's response that "the placement of the tear . . . went along with what we would consider a

---

[3] Other than the extra "0".

high probability that it came from a forced entry." See, e.g., *Bridges v. State*, 268 Ga. 700, 706 (2) (f) (492 SE2d 877) (1997) (defendant's failure to concede element of the crime did not place it in issue).

Stover argues that because closing arguments were not transcribed it is "nearly impossible" to reach the conclusion that force was not a contested issue. However, Stover cannot rely on the fact that closing arguments were not recorded to show that his counsel presented a defense based on the lack of force. See, e.g., *Floyd v. State*, 277 Ga. App. 166, 168 (626 SE2d 149) (2006). Furthermore, defense counsel agreed during the hearing on motion for new trial that his theory of the case was "the State can't prove it was [Stover]."

We conclude that because the evidence of Stover's guilt in the rape of K. H. was overwhelming, and because Stover's defense of mistaken identity did not place the element of force at issue, the trial court's instruction to the jury was harmless error. See *Bridges*, supra, 268 Ga. at 706-707 (2) (f) (*Sandstrom* error harmless in light of defense to the charge and the overwhelming evidence of guilt). Compare *Minter*, supra, 245 Ga. App. at 329 (1) (State failed to present sufficient evidence to make harmless an erroneous charge that sexual acts directed to a child are presumed forcible).

2. In instructing the jury on the crime of rape, the trial court charged that "a person under the age of 16 is legally incapable of giving consent to sexual intercourse[,]" and that "this means that such an act would be against the will of the victim." As noted above, the trial court also instructed the jury in connection with its charge on child molestation that "[s]exual acts directed towards children are presumed under the law to be forcible and against the will of the child." Stover claims that the trial court therefore erred in instructing the jury regarding a mandatory, nonrebuttable presumption on the issue of consent in the rape of K. H. We disagree.

We have previously held that a trial court did not err in its charge directing the jury that a victim younger than 16 is legally incapable of consenting to intercourse, notwithstanding the appellant's argument that the instruction unconstitutionally shifted the burden of proof. See *Forbes v. State*, 284 Ga. App. 520, 523 (2) (644 SE2d 345) (2007). Stover asks that we overrule *Forbes*, but the case is consistent with the previous rulings of our Supreme Court. "[T]he age of the victim is irrelevant in a forcible rape case except insofar as it may show her incapable of giving consent and thereby supply the 'against her will' element." (Citation and punctuation omitted.) *Hill v. State*, 246 Ga. 402, 405 (III) (271 SE2d 802) (1980). Accordingly, we find no error.

3. Stover claims that his counsel was ineffective because he failed to demonstrate that Stover's car did not have flip-up head-

lights, although K. H. described her assailant's car as having the same. We disagree.

To show ineffective assistance of trial counsel, Stover "has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different." (Citation and punctuation omitted.) *Johnson v. State*, 275 Ga. App. 21, 25 (7) (619 SE2d 731) (2005). At the hearing on motion for new trial, trial counsel recalled that K. H. told police that her assailant's car had flip-up headlights, and he agreed that he made no attempt to show that Stover's car did not have such headlights. Trial counsel explained, however, that Stover's car otherwise matched K. H.'s description.

Pretermitting whether no reasonable trial attorney would have failed to identify and then pursue the headlights issue, see *Boyd v. State*, 275 Ga. 772, 776 (3) (573 SE2d 52) (2002), Stover does not demonstrate a reasonable probability that his counsel's alleged failure altered the outcome of the trial. The State's evidence connecting Stover's car to the crime was very strong, including the notebook found in Stover's car inscribed with K. H.'s name. Accordingly, the trial court did not err in rejecting Stover's ineffective assistance claim.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2008.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.