A99A0985. GREEN v. THE STATE.
(523 SE2d 632)

BARNES, Judge.

Rodrick Green appeals from his convictions of aggravated assault and criminal damage to property in the first degree, asserting the trial court erred by denying him a pre-trial hearing under Uniform Superior Court Rule 31.6 and by erroneously charging the jury on prior difficulties between himself and the victim. He also

alleges he is entitled to a new trial because he received ineffective assistance of counsel. For the reasons that follow, we affirm.

1. Green contends his convictions should be reversed because the trial court failed to rule on his motion to present evidence of specific acts of violence of the victim until after the State had presented its case. Even if we were to agree that the trial court should have ruled on the motion before the trial started, we cannot reverse Green's conviction "where as here, appellant can show no prejudice suffered from the failure to have the hearing before trial." *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990).

We find no merit in Green's claim that his inability to cross-examine the victim about the victim's prior acts of violence during the presentation of the State's case prejudiced his defense. After the trial court ruled that Green could present evidence of the victim's prior acts of violence, Green could have recalled the victim for purposes of cross-examination. See *Yebra v. State*, 206 Ga. App. 12, 14 (2) (424 SE2d 318) (1992). Instead of recalling the victim, however, Green and two other defense witnesses testified about two separate incidents in which the victim threatened a third party with a meat cleaver during an altercation and hit a homeless man with a baseball bat because he began eating leftover food in a restaurant where the victim worked.

2. In his second enumeration of error, Green alleges the trial court committed reversible error when it gave the following charge, of its own accord, to the jury:

> Evidence of prior difficulties between the defendant and the alleged victim has been admitted for the sole purpose of illustrating, if it does so illustrate, the stated feeling between the defendant and the alleged victim and the bent of mind and course of conduct on the part of the defendant. Whether this evidence illustrates such is a matter solely for you, the jury, to determine, but you are not to consider such evidence for any other purpose.

Green argues this charge improperly characterized the testimony at trial as showing that he had engaged in prior violent acts with the victim when the evidence showed only that the victim had engaged in prior violent acts with other people. Green also argues this charge improperly advised the jury that the evidence was to be used to determine defendant's bent of mind and course of conduct, instead of the victim's bent of mind and course of conduct.

Based on our review of the evidence submitted during Green's trial, we agree that there was no evidence of prior difficulties between Green and the victim. Thus, the charge, while abstractly

correct, was not authorized by the evidence. We disagree, however, with Green's contention that the jury should have been advised that the victim's prior violent acts should be used to evaluate the *victim's* bent of mind and course of conduct. The issue before the jury was Green's state of mind at the time he fired his gun and whether he did so in self-defense based on his knowledge of the victim's previous behavior.

Although we agree the charge was not warranted, we will not reverse a criminal conviction simply because a trial court gives an abstractly correct jury instruction that is not authorized by the evidence. Harm must also result, and we cannot reverse a conviction when it is highly probable that an erroneous jury instruction did not contribute to the verdict. *Francis v. State*, 266 Ga. 69, 72 (3) (463 SE2d 859) (1995). A review of the charge as a whole shows the trial court properly instructed the jury at length about affirmative defenses, justification, self-defense, and the State's burden of proving beyond a reasonable doubt that Green did not act in self-defense. In the context of the entire charge, the unwarranted charge was no more than a passing reference, and it is highly probable that it did not contribute to the verdict.

3. In his remaining enumeration of error, Green claims he received ineffective assistance of counsel because his trial counsel (a) acquiesced in the trial court's decision not to hold a pre-trial hearing on the admissibility of the victim's prior acts of violence and was unprepared to proceed with the hearing before trial; (b) failed to object to the erroneous charge discussed in Division 2 of this opinion; and (c) failed to object to the State's comments on the exercise of Green's right to remain silent during cross-examination of a police officer and closing argument.

"The Sixth Amendment to the U. S. Constitution guarantees a criminal defendant the right to effective assistance of counsel." *Ross v. Kemp*, 260 Ga. 312, 313 (393 SE2d 244) (1990).

> In order to show ineffective assistance of counsel, [appellant] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990).

*LaJara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

A court considering a claim of ineffectiveness of counsel is not required to address the performance portion of the inquiry before the

prejudice component "or even to address both components if the defendant has made an insufficient showing on one." Id. Finally, a trial court's finding of effectiveness must be upheld unless clearly erroneous. *Cammon v. State*, 269 Ga. 470, 472 (4) (500 SE2d 329) (1998).

We find no merit in any of Green's ineffective assistance of counsel claims because he has failed to show a reasonable probability that the result of his trial would have been different but for his counsel's alleged ineffective acts. We have already concluded in Divisions 1 and 2 that no prejudice resulted to Green as a result of the trial court's failure to hold a pre-trial hearing or its jury charge on prior difficulties with the victim.

Green's third allegation of ineffective assistance, that his counsel failed to object to the State's comments on the exercise of his right to remain silent, warrants further discussion. Green bases this allegation on the following testimony by the police officer who responded to a report of a discharged firearm at the victim's apartment:

[THE STATE]: Now, in your ten years of experience in law enforcement, Officer Hickey, have you been involved in cases where someone claimed self defense?

[WITNESS]: Yes, I have.

[THE STATE]: Approximately how many times?

[WITNESS]: I couldn't count. It's a large amount.

[THE STATE]: Okay. And typically in those situations when you respond to them —.

[DEFENSE COUNSEL]: Your Honor, I'm just going to make an objection to this. I think it's an ultimate issue question. We want to voir dire the witness outside the presence of the jury.

THE COURT: What's the question?

[THE STATE]: The question, Your Honor, is I'd like him to explain what his experience has been when he has responded to scenes where there is a claim of self-defense.

[DEFENSE COUNSEL]: It's an ultimate issue question.

[THE STATE]: It's not an ultimate issue as to whether or not it's the issue in this case. He's talking about the typical response.

THE COURT: I'll overrule the objection.

[THE STATE]: Thank you, Your Honor.

[DEFENSE COUNSEL]: Thank you, Judge.

[THE STATE]: Can you please explain to the ladies and gentlemen what your experience has been in cases where someone is claiming self defense?

[DEFENSE COUNSEL]: Your Honor, I object on the terms

of vagueness. It calls for a narrative response.

[THE STATE]: I'm trying not to lead the witness, your Honor.

THE COURT: Overruled.

. . .

[WITNESS]: In my course of experience, I have experienced when an individual is claiming self defense they normally are at the scene of the crime when it occurred or they might call us at a different time.

[THE STATE]: When you say they're at the scene of the crime, do you mean they wait for the police?

[WITNESS]: Yes, they do. They're at the scene. They're waiting for us. And normally they're the ones who call. In this particular incident, that did not occur.

[THE STATE]: I have nothing further. . . .

Green also claims the State commented on the exercise of his right to remain silent by referring to this testimony during its closing argument. We cannot consider this portion of Green's claim, however, because it was not raised below in the motion for new trial that was filed by his current appellate counsel. See *Seese v. State*, 235 Ga. App. 181, 183-184 (3) (509 SE2d 94) (1998) (failure to raise ineffective assistance of counsel claim at earliest opportunity results in a waiver of that claim).

Thus, we must determine whether the outcome of Green's trial would have been different if his lawyer had made a different objection to the testimony outlined above. Based on our review of the evidence, we cannot find the trial court clearly erred when it determined that Green failed to show prejudice as a result of his counsel's failure to object on a different ground. See *Wade v. State*, 208 Ga. App. 700, 701-702 (2) (431 SE2d 398) (1993).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 19, 1999 —
RECONSIDERATION DENIED NOVEMBER 3, 1999.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*J. Tom Morgan, District Attorney, Carol M. Kayser, Maria Murcier-Ashley, Assistant District Attorneys*, for appellee.