S04A0467. FLETCHER v. THE STATE.
(596 SE2d 132)

FLETCHER, Chief Justice.

A Fulton County jury convicted Willie Fletcher of felony murder and aggravated assault for his role in the shooting death of Anthony Dixon.[1] On appeal, Fletcher contends that the trial court erred by prohibiting him from commenting during closing argument on the State's failure to call certain witnesses. Because Fletcher failed to show that any of these witnesses had knowledge of material and relevant facts, we affirm.

1. The evidence presented at trial showed that on the evening of April 15, 1995, Fletcher and some cohorts were drinking and playing

---

[1] The crimes were committed on April 15, 1995. On August 1, 1995, Fletcher was indicted by a Fulton County grand jury for malice murder, felony murder, aggravated assault, and armed robbery. On December 4, 1995, a jury convicted Fletcher on the felony murder and aggravated assault counts, but acquitted him of malice murder and armed robbery. The aggravated assault conviction was merged with the felony murder conviction, and Fletcher received a life sentence. Fletcher moved for a new trial on December 15, 1995, and amended that motion on February 15, 1996. The trial court denied the motion on June 9, 2003, and Fletcher filed a timely notice of appeal on July 7, 2003. The case was docketed in this Court on November 19, 2003, and submitted for decision without oral argument on January 12, 2004.

cards in the parking lot of an Atlanta apartment complex. Tempers flared after some of the men were accused of cheating, and Anthony Dixon was killed in the ensuing fight. Dixon died as a result of being struck in the head by a shotgun slug, which hit Dixon after ricocheting off another object. Police arrived shortly thereafter and captured Fletcher as he attempted to flee the scene.

At trial, one witness testified that after the fight broke out, she saw Fletcher run into his second story apartment, retrieve a shotgun, and fire the gun from the second story balcony towards the area where the card game had been taking place. Several other witnesses also testified that they saw Fletcher firing the shotgun from the balcony. One witness identified Fletcher as the shooter in a photographic lineup.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Fletcher guilty beyond a reasonable doubt of felony murder and aggravated assault.[2]

2. Fletcher contends that the trial court erred by prohibiting his trial counsel from commenting during closing argument on the State's failure to call certain witnesses. At the time of trial, defendants were generally prohibited from commenting on the State's failure to call witnesses.[3] Eleven months after the conclusion of Fletcher's trial, this Court disapproved of that rule in *Morgan v. State*.[4] Instead, this Court held that both defense and prosecuting counsel should be permitted to comment during closing argument on the other side's failure to call witnesses, so long as there is competent evidence before the jury that the missing witness had knowledge of material and relevant facts.[5]

Since *Morgan v. State* established a new rule of criminal procedure, it applies retroactively to all cases that were on direct review at the time it was decided, and thus is applicable to this case.[6]

No *Morgan* violation occurs, however, when a defendant fails to show that witnesses not called by the State had knowledge of material and relevant facts.[7] Here, Fletcher has never disclosed the witnesses he wanted to discuss in closing argument. Nowhere in the trial record, the motion for a new trial hearing, or in his appellate brief does Fletcher give any indication as to the material and relevant knowledge possessed by any missing witness, nor what their

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Wilson v. Zant*, 249 Ga. 373 (290 SE2d 442) (1982).

[4] 267 Ga. 203, 204-205 (476 SE2d 747) (1996).

[5] Id. at 205-206.

[6] *Smith v. State*, 268 Ga. 860, 861 (494 SE2d 322) (1998).

[7] *Brown v. State*, 276 Ga. 192, 193 (576 SE2d 870) (2003); *Johnson v. State*, 275 Ga. 650, 652 (571 SE2d 782) (2002).

testimony would have been had they been called to testify. Accordingly, there is no basis for reversing Fletcher's conviction under *Morgan*.

3. Fletcher also contends that the trial court erred by denying his motion to suppress the photographic lineup identification. Fletcher argues that the lineup was impermissibly suggestive because the other photographs in the lineup looked markedly different from his and that this error tainted the subsequent in-court identification. In determining whether to exclude identification evidence, the trial court must ascertain whether the identification procedure was impermissibly suggestive, and, if so, whether there was a substantial likelihood of irreparable misidentification.[8] Here, the lineup was not impermissibly suggestive. The photographs had similar backgrounds and the individuals had similar hairstyles and complexions. Furthermore, the lineup did not taint the in-court identification because that identification had an independent origin; namely, the witness knew Fletcher from prior experiences and had seen him clearly during the commission of the crime.[9] The trial court did not err in denying Fletcher's motion to suppress the photographic lineup identification.

4. Next, Fletcher contends the trial court erred by allowing the jury to keep a copy of the trial court's charge during deliberations. We have previously held that allowing the jury to have a written copy of the charge is proper,[10] and therefore the trial court was within its discretion to allow it.

5. Finally, Fletcher claims he was deprived of effective assistance of counsel because his trial attorney failed to investigate facts, interview witnesses, and adequately prepare for trial. In order to prevail on a claim of ineffective assistance of counsel, Fletcher must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense.[11] Here, trial counsel filed several pre-trial motions, contacted and investigated a number of witnesses, and presented testimony from eight of those witnesses. Counsel also extensively cross-examined the State's witnesses, and successfully prevented the State from admitting evidence regarding Fletcher's character. The trial court did not err in its determination that Fletcher's trial counsel did not act deficiently.

*Judgment affirmed. All the Justices concur.*

---

[8] *Simmons v. United States*, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968).

[9] *Wilson v. State*, 275 Ga. 53, 59 (562 SE2d 164) (2002).

[10] *Anderson v. State*, 262 Ga. 26, 27-28 (413 SE2d 732) (1992).

[11] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. State*, 275 Ga. 326, 327-328 (565 SE2d 453) (2002).

DECIDED APRIL 27, 2004.

*Daniel E. Gavrin, Franklin W. Thomas, Jr.*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Andrette Watson, Assistant Attorney General*, for appellee.