S06A1512. BIGGS v. THE STATE.
(642 SE2d 74)

THOMPSON, Justice.

A jury convicted Victor Biggs of two counts of malice murder, aggravated assault, and possession of a firearm by a convicted felon arising out of the shooting deaths of Ebony Cameron and her unborn

child.[1] Biggs appeals from the denial of his motion for new trial. Finding no error, we affirm.

1. The evidence authorized the jury to find that on the night of the crimes Biggs and two other men were standing in the stairwell near Cameron's apartment. Biggs knocked on the door, and when Cameron answered, he pushed his way into the apartment and fatally shot her. As he fled, Biggs fired a shot at Lester Parker, one of the men standing in the stairwell. Cameron's unborn child, delivered following emergency surgery, died shortly after birth.

Construed most strongly in support of the verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Biggs was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Biggs contends the trial court erred by admitting evidence of a similar transaction without making a sufficient showing of similarity or connection to the crimes charged. See *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3. We disagree.

The trial court admitted evidence of a 1989 shooting in which Biggs and two other men knocked on the victim's door, entered the apartment, and shot the victim. Biggs pled guilty to the offense of aggravated assault, and the State sought to introduce evidence of the prior offense in this case. Despite Biggs' argument to the trial court that his defense of alibi limited the purposes for which the State could offer evidence of the similar offense, the court admitted the evidence to establish Biggs' identity, state of mind, common design and scheme, course of conduct, motive, and intent, all of which are proper purposes

---

[1] The crimes occurred on January 26, 1994. Biggs was indicted by a DeKalb County grand jury for the malice murder of Ebony Cameron, malice murder of baby boy Cameron, felony murder of Ebony Cameron based on the underlying offense of possession of a firearm by a convicted felon, felony murder of baby boy Cameron based on the underlying offense of possession of a firearm by a convicted felon, aggravated assault with a deadly weapon against Lester Parker, and possession of a firearm by a convicted felon. Following a jury trial conducted on June 26-28, 1995, Biggs was found guilty of all charges. The felony murder charges were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4), (5) (434 SE2d 479) (1993). Biggs was sentenced to two terms of life in prison on the malice murder charges and consecutive sentences of twenty years for aggravated assault and five years for possession of a firearm by a convicted felon. He filed a motion for new trial on July 26, 1995. In October 1998, following a post-trial psychological evaluation, the trial court found Biggs was not competent to assist counsel in his motion for new trial and appeal. Biggs was transferred to the Department of Human Resources until he was found competent. In February 2002, Biggs filed an amended motion for new trial, and on June 13, 2003, he filed an extraordinary motion for new trial. Hearings on all post-trial motions were held in December 2004. The court denied Biggs' motion for new trial as amended on January 10, 2006. A timely notice of appeal was filed on March 9, 2006. The appeal was docketed in this Court on May 12, 2006, and orally argued on September 18, 2006.

under *Williams*. "When similar transaction evidence is admitted for these purposes, a lesser degree of similarity is required than when such evidence is introduced to prove [only] identity. [Cits.]" *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001). An appellate court will not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous. *Stephens v. State*, 261 Ga. 467, 469 (6), n. 2 (405 SE2d 483) (1991). Focusing on the similarities, not the differences, between the charged crimes and the prior offense, see *Johnson v. State*, 273 Ga. 345 (6) (541 SE2d 357) (2001), the evidence showed that in both crimes Biggs knocked on the victim's door and forced his way into the apartment; both victims were shot in their homes at close range; both crimes involved the use of a handgun; both crimes showed a propensity to resort to deadly force with little or no provocation; and in both crimes Biggs fled on foot. Because this evidence was sufficient to establish the required similarity between the charged crimes and the 1989 shooting offense, the trial court's allowance of the evidence was not clearly erroneous.

3. Relying on *Drope v. Missouri*, 420 U. S. 162 (95 SC 896, 43 LE2d 103) (1975) and *Baker v. State*, 250 Ga. 187 (297 SE2d 9) (1982), Biggs contends the trial court erred by denying his motion for new trial in light of evidence that he may not have been competent to stand trial in 1995. The record demonstrates that after his 1995 conviction, Biggs was appointed a series of attorneys to assist with his post-trial motions and appeal. In 1997, one attorney who met with Biggs noticed that he was not making sense and appeared agitated. Counsel then filed, and the court granted, a request for psychiatric evaluation. Biggs subsequently was diagnosed as suffering from paranoid schizophrenia and counsel filed an amended motion for new trial, alleging for the first time that Biggs had been incompetent to stand trial in 1995.

While his motion for new trial was pending, Biggs twice regained competence as a result of medication. Each time, however, his condition deteriorated after he was transferred back to jail and before the hearing on his motion could proceed. He was again rendered competent, and in December 2004, the trial court conducted an evidentiary hearing at which Biggs presented the testimony of medical experts and his trial attorneys seeking to establish that he had been incompetent at the time of trial. In January 2006, the trial court denied the motion for new trial on all grounds.

An accused who lacks the mental capacity to understand the nature and object of the proceedings around him, to consult with counsel, and to assist in preparing his defense, may not constitutionally be subjected to trial. *Drope*, supra, 420 U. S. 162; *Baker*, supra, 250 Ga. 187 (1). A trial court has the sua sponte duty to inquire into

a defendant's competency only when information "becomes known to it, prior to or at the time of the trial, sufficient to raise a bona fide doubt regarding the defendant's competence." *Traylor v. State*, 280 Ga. 400, 404 (627 SE2d 594) (2006). A defendant also may seek a post-conviction hearing on the issue of competency at the time of trial. Id. In this regard, a defendant may argue that he was denied procedural due process based on the trial court's failure to resolve the issue of competency before or during trial or he may argue that his substantive due process rights were violated because he was tried while incompetent. Id.

It is undisputed in this case that Biggs did not raise the issue of his competency to stand trial either prior to or during trial and that the first signs of his psychological problems manifested in 1997. Although not raised as an enumeration on appeal, we note that under these circumstances the trial court had no obligation to make inquiry into Biggs' competence during trial and Biggs' procedural due process rights were not violated. See id.

We similarly find that there was no violation of Biggs' substantive due process rights. As an initial matter, we reject Biggs' argument that the trial court did not make a competency determination. Biggs' motion for new trial and the transcript of the hearing on that motion make clear that Biggs presented his case so as to obtain a ruling on his substantive claim of incompetency, specifically requesting during closing argument that the court make a post-conviction determination that Biggs was incompetent at the time of trial. The record further makes clear that the trial court understood it would make a competency determination in ruling on the motion for new trial. Thus, unlike the court in *Traylor*, by denying the motion for new trial the court in this case necessarily determined the substantive issue of Biggs' competence.

When, as in this case, the factfinder has made a determination of competency, "the appropriate standard of appellate review is whether after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found that the defendant failed to prove by a preponderance of the evidence that he was incompetent to stand trial." *Sims v. State*, 279 Ga. 389, 391 (1) (614 SE2d 73) (2005). Considering the evidence in the light most favorable to the State, we conclude the trial court was authorized to find that Biggs failed to meet his burden of proving his incompetency at the time of his 1995 trial. Although there was expert medical testimony that Biggs was suffering from paranoid schizophrenia in 1997 and that the illness did not appear "overnight," the same medical experts conceded that they were unable to state conclusively whether Biggs was paranoid schizophrenic at the time of trial and admitted that even if he was, he could have been competent to stand trial under the applicable legal

standard. One expert further testified that the evidence presented was also consistent with a finding that Biggs had been competent to stand trial and that his condition deteriorated after he was imprisoned. At the same time, the trial court had before it testimony from trial counsel that Biggs showed no signs of mental illness or incompetency during trial and that Biggs was able to understand the proceedings against him, assist with the development and presentation of his defense, and coherently articulate his defense when testifying at trial. Under these circumstances, we cannot say that it was error for the trial court to deny the motion for new trial on this ground. Id. at 391 (1).

4. Biggs contends trial counsel's performance was deficient in three ways. To prevail on a claim of ineffective assistance, a defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis,* 253 Ga. 782 (1) (325 SE2d 362) (1985). The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. "The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. [Cit.]" *Nhek v. State,* 271 Ga. 245, 247 (3) (517 SE2d 521) (1999). A court's finding that counsel has rendered effective assistance will be affirmed unless it is clearly erroneous. *Kelly v. State,* 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

(a) Biggs asserts trial counsel was ineffective by failing to show him, prior to trial, telephone records used to establish his alibi defense. Trial counsel testified at the motion for new trial hearing that he could not recall whether he showed the records to Biggs during trial preparation but explained that the records belonged to Biggs' mother, who identified them at trial and was questioned at length about their relevance to the defense. The record also shows that while testifying Biggs was able to answer questions about the records and articulate his position that he could not have been at Cameron's apartment at the time of the crimes. Accordingly, even assuming counsel erred by not reviewing the records with Biggs prior to trial, Biggs has failed to demonstrate how such deficiency prejudiced his defense. See *Strickland,* supra, 466 U. S. 668.

(b) Biggs also contends counsel was deficient for failing to move to suppress two pretrial photographic lineups. "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State,* 276 Ga. 548, 553 (3) (580 SE2d 224)

(2003). Biggs has made no such showing here. At the motion for new trial hearing, counsel explained that he did not move to suppress the first lineup because he did not notice any differences in complexion. Inasmuch as the record supports counsel's conclusion that the lineup, consisting of six photographs of men of similar age, hairstyle, and complexion, was not impermissibly suggestive, it was not error to admit the photographic array at trial. See *Fletcher v. State*, 277 Ga. 795 (3) (596 SE2d 132) (2004).

As to the second array, Biggs' challenge goes not to the admissibility of the array itself but to the credibility of the witness' identification, which became an issue only after the witness testified that he reviewed a three-photo array, not the five-photo array introduced by the State. Included in the record, however, is an affidavit of the same witness signed immediately after he identified Biggs as the perpetrator, stating that he had reviewed a five-photo array. Thus, while the witness' trial testimony created a discrepancy in the evidence which could be used to challenge his credibility, it was not error to admit the array and counsel was not deficient for failing to move to suppress the array on this ground.

(c) Nor was counsel ineffective based on his decision to waive arraignment in this case. Waiver of arraignment provides a basis for a claim of ineffective assistance of counsel only if the defendant can show he was unaware of the charges against him. *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983). In the absence of any claim or evidence that Biggs was not aware of the charges against him, he has failed to show that counsel's performance was deficient. We similarly reject Biggs' claim that the waiver of arraignment violated his right to be present at all critical stages of the proceedings against him. See generally 1983 Ga. Const., Art. I, Sec. I, Par. XII; *Wilson v. State*, 212 Ga. 73, 74 (90 SE2d 557) (1955).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*William F. Rucker*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.