### A08A1601. MOHAMMED v. THE STATE.
(672 SE2d 483)

MIKELL, Judge.

Ali Mohammed was convicted of two counts of child molestation and sentenced to twenty years on each count to run concurrently, five of which to serve in confinement and the remainder on probation. Following the denial of his motion for new trial, Mohammed appeals his convictions. He argues that he received ineffective assistance of counsel because his trial counsel failed to file a motion to suppress the photographic lineup admitted at trial and to object to related testimony regarding the identification. We affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on September 2, 2005, two tenth grade students from Columbus High School, L. H. and L. G. saw Mohammed masturbating in the school courtyard. L. H. saw Mohammed first, then told her friend, L. G. According to both students, as Mohammed masturbated, he beckoned to L. H. to come over to him, but she did not. L. H. went back inside the building, and L. G. went to get the assistant principal, Melvin Blackwell. Both girls testified that Mohammed was wearing a white shirt, black pants, and black shoes with red shoestrings. L. G. testified that she had seen Mohammed, who was not a student at the school, walking in the hall before the incident and heard someone who knew Mohammed say his name.

Blackwell testified that when he arrived at the courtyard, the perpetrator was not present and that he searched the school grounds to no avail. Blackwell also called the police. A patrol officer responded and prepared a police report, which was given to Detective

Joyce Dent-Fitzpatrick on the next business day, September 6. The police report included Mohammed's name and a physical description that he was a tall, thin black male.

Detective Dent-Fitzpatrick investigated the incident and talked to L. H. and L. G. separately on September 7. Both girls told her what happened, and their accounts of the incident matched what was written on the police report. The girls described the suspect as being a thin, tall, dark-skinned black male with bad acne. When the detective asked L. G. how she knew Mohammed's name, L. G. explained that Mohammed had walked through the hall earlier and another student told her his name. After her initial conversations with the students, Detective Dent-Fitzpatrick showed each of them a lineup, which she had compiled based on the information in the police report. L. H. viewed the lineup first, then L. G. viewed it separately. Both girls identified Mohammed immediately.

Mohammed argues that the lineup was impermissibly suggestive because he was the only person depicted with bad acne. Consequently, he maintains that his conviction should be reversed because his trial counsel did not move to suppress the photographic lineup or object to testimony regarding the identification based on the lineup. We find no error.

"To show ineffective assistance of trial counsel, [Mohammed] has the burden to demonstrate that trial counsel's performance was deficient and that, but for that deficient performance, it is reasonably probable that the result of the trial would have been different."[1] Courts considering ineffectiveness claims are "not required to address the performance portion of the inquiry before the prejudice component or even to address both components if the defendant has made an insufficient showing on one."[2] "The trial court's finding that a defendant was afforded effective assistance of counsel must be upheld on appeal unless clearly erroneous."[3]

In order for this court to reverse Mohammed's conviction based on ineffective assistance of counsel, we would have to conclude that trial counsel's failure to move to suppress the photographic lineup constituted deficient performance and but for that deficient performance, the outcome of the trial would have been different. In doing so, we would have to find that the photographic lineup was "so impermissibly suggestive that there exist[ed] a very substantial

---

[1] (Citation and punctuation omitted.) *Stover v. State*, 293 Ga. App. 210, 215 (3) (666 SE2d 602) (2008).

[2] (Citation and punctuation omitted.) *Green v. State*, 240 Ga. App. 650, 652- 653 (3) (523 SE2d 632) (1999).

[3] (Citations omitted.) *Osborne v. State*, 291 Ga. App. 711, 715 (6) (662 SE2d 792) (2008).

likelihood of irreparable misidentification."[4] A photographic lineup "is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, 'This is our suspect.' "[5] As the trial court concluded in its order on the motion for new trial, the lineup in the instant case was not impermissibly suggestive.

In *Horton v. State*,[6] the defendant argued that a photographic lineup was unduly suggestive because it depicted him as the lightest-skinned of the individuals included in the lineup.[7] In that case, we noted that the defendant had provided no authority to support the proposition that the "failure to match exact complexions within a racial demographic in a photographic lineup automatically requires that the lineup be excluded[ ] and [that] we [had] found none."[8] Similarly here, Mohammed has cited no authority in support of his position. Rather, the law is clear that failure to match skin tone in a certain racial demographic, alone, does not require the exclusion of a photographic lineup.[9]

The victims testified that the lineup utilized at trial was the lineup presented to them at the scene. The photographic array admitted into evidence is before us and includes six black and white photographs of men of similar race, age, hairstyle and complexion, supporting the trial court's conclusion that it was not impermissibly suggestive.[10] Our examination of the array shows that Mohammed's bad acne is not visible on the copy of the lineup that is included in the record such that we can say that "any imperfection in the photographic lineup created the kind of suggestiveness that would lead the viewer inexorably to conclude that [Mohammed] was the suspect."[11] "When trial counsel's failure to file a motion to suppress is the basis

---

[4] (Punctuation and footnote omitted.) *Johnson v. State*, 290 Ga. App. 255, 260 (2) (659 SE2d 638) (2008).

[5] (Punctuation and footnote omitted.) Id.

[6] 269 Ga. App. 407 (604 SE2d 273) (2004).

[7] Id. at 411 (3).

[8] Id.

[9] See *Felder v. State*, 260 Ga. App. 27, 31 (6) (579 SE2d 28) (2003) (the fact that the defendant's skin tone was the darkest of those portrayed in the photo lineup, where the others portrayed were of defendant's same race, was not alone grounds for excluding the lineup identification). See also *Smith v. State*, 209 Ga. App. 540, 542-543 (4) (433 SE2d 694) (1993). Accord *Padilla v. State*, 273 Ga. 553-554 (1) (544 SE2d 147) (2001).

[10] See *Biggs v. State*, 281 Ga. 627, 632 (4) (b) (642 SE2d 74) (2007); *Fletcher v. State*, 277 Ga. 795, 797 (3) (596 SE2d 132) (2004); *Waddell v. State*, 277 Ga. App. 772, 778 (4) (627 SE2d 840) (2006).

[11] *Williams v. State*, 269 Ga. App. 673, 677 (3) (a) (605 SE2d 83) (2004) (court rejected defendant's argument that a photographic lineup was impermissibly suggestive because he was the only person depicted with facial scarring after examining the array and determining that there was no visible mark on the copy included in the record).

for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion."[12] Mohammed has not done so here. Furthermore, L. G., who identified Mohammed by name at the scene, had an opportunity to see him at a much closer range before the incident occurred and testified that she could see him perfectly during the incident. Therefore, the in-court identification was not tainted because her identification of Mohammed had an independent origin,[13] and any objection thereto made by trial counsel would have been meritless.

As stated earlier, in assessing an ineffectiveness claim we need not discuss the prejudice portion of the inquiry if the defendant has made an insufficient showing on the performance component.[14] Since Mohammed has not shown that a motion to suppress the identification would have been granted, he cannot show that his trial counsel's performance was deficient. Even if Mohammed had been able to show that the motion would have been granted, it is unlikely that he would have been able to prove counsel's deficiency in light of the independent origin of L. G.'s identification of him and the victims' unequivocal testimony that they could see him clearly during the incident. Therefore, Mohammed's ineffectiveness claim fails.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2009.

*William P. Nash, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Stacey S. Jackson, Assistant District Attorney*, for appellee.

---

[12] (Citation, punctuation and footnote omitted.) *Parker v. State*, 273 Ga. App. 823, 824 (616 SE2d 139) (2005).

[13] See *Fletcher*, supra.

[14] *Green*, supra.