### A08A1632. WILLIAMS v. THE STATE.
(673 SE2d 30)

PHIPPS, Judge.

Keisha Williams appeals her convictions of two counts of armed robbery, contending that her trial counsel was ineffective for failing to pursue a motion to suppress evidence seized from the car she was driving shortly after the underlying criminal incident.

> In order to succeed on a claim of ineffective assistance, [a defendant] must prove both that ... trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[1]

Because Williams has shown no merit in her contention of ineffective

---

[17] 547 U. S. at 856-857, n. 5.

[1] *Smith v. State*, 283 Ga. 237, 238 (2) (657 SE2d 523) (2008) (citations and punctuation omitted); see *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

assistance of counsel, we affirm.

The state's evidence showed that at about 3:00 p.m. on August 23, 2004, Williams picked up her niece and her niece's friend and drove to a pizzeria. Williams, wearing a red shirt, walked into the restaurant, obtained from an employee a job application, returned to the car, and reported that there were only two employees inside. She instructed the others to go into the restaurant, rob the workers inside, and bring the money to her. She handed her niece a gun and an army fatigue face mask. Her niece was wearing blue jogging pants and a shirt printed with a picture of Bob Marley. Williams gave her niece's friend a wig. They put on the mask and wig, and the niece's friend added a scarf to cover her face. The two women went into the restaurant, threatened the employees with the gun, demanded money from them, took money both out of a cash register and from the person of one of the employees, stashed the money in a plastic bag, and returned to the car. Williams sped away.

Meanwhile, one of the employees had secretly alerted the police of the ongoing robbery. A city police officer patrolling the area was dispatched to the pizzeria based upon a reported armed robbery committed there by two black females. While approaching the restaurant, he observed a speeding car that failed to heed a stop sign. The officer trailed the car, noting that there were three black women inside, that the two passengers were continuously looking back at him, and that there was much "movement" by the passengers. The officer initiated a traffic stop of the car and then received additional information that one of the robbers had been wearing a red shirt. The officer noted that the driver, whom he identified at trial as Williams, was wearing a red shirt. When the women exited the car at the officer's command, the officer saw a handgun protruding from the front passenger seat. He arrested the three women, and their car was towed to a municipal lot.

At the police station, Williams was advised of and waived her *Miranda* rights. She admitted to a police detective that she had picked up the other two women, driven to the pizzeria, gone inside the restaurant, returned to the car, reported the number of individuals inside, watched the other two women leave the car with a handgun and mask, waited for them to return to the car, and then sped from the scene. Williams denied, however, that she had planned the crime and further stated that she had told the others that she did not want to be involved in their heist.

After also interviewing the other two women, the detective searched the car pursuant to a warrant he had obtained. During the search of the car, the detective found in the front passenger floorboard area a camouflage face mask, a plastic bag stashed with money, jewelry items, and a gun, which one of the armed robbery victims

testified appeared to be the one used during the incident. The detective found in the back seat of the car a wig, a shirt with a picture of Bob Marley printed on its front, blue jogging pants, and other clothing and jewelry items.

Williams's niece and her niece's friend pled guilty to two counts each of armed robbery. They testified as witnesses for the state that Williams had plotted and then recruited them to execute the armed robberies. A videotape of Williams's police statement was presented to the jury. Williams neither testified nor called any witnesses.

On appeal, Williams contends that her trial counsel was ineffective for failing to pursue a motion to suppress the items found in the car. When trial counsel's failure to pursue a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a "strong showing that the damaging evidence would have been suppressed" had counsel pursued the motion.[2] Williams has failed to meet that requirement. Indeed, she has failed to articulate any argument in support of her mere conclusion that the search, which was conducted pursuant to a warrant, was nevertheless in violation of the Fourth Amendment.[3] Consequently, Williams has shown no merit in her ineffective assistance of counsel contention.[4]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 23, 2009 — 

*Michael B. Perry*, for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.

---

[2] *Biggs v. State*, 281 Ga. 627, 631 (4) (b) (642 SE2d 74) (2007).

[3] But see *Land v. State*, 259 Ga. App. 860, 863 (1) (578 SE2d 551) (2003) (where magistrate did not have a substantial basis for determining that probable cause existed to search defendant's home, motion to suppress evidence found therein pursuant to warrant issued by magistrate should have been granted); *Grant v. State*, 220 Ga. App. 604, 607 (1) (469 SE2d 826) (1996) (search was illegally executed because it exceeded the scope of the warrant).

[4] See *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999) (mere conclusory statements are not the type of meaningful argument contemplated by this court's rules).