## S09A1182. JARVIS v. THE STATE.
### (683 SE2d 606)

HINES, Justice.

LaJerard Shamar Jarvis appeals the denial of his motion for new trial following his convictions for felony murder and possession of a firearm during the commission of a felony in connection with the fatal shooting of Walter Richardson, Jr. Jarvis contends that his trial counsel was ineffective in various respects. Finding Jarvis's claim of ineffectiveness of counsel to be without merit, we affirm.[1]

The facts construed in favor of the verdicts showed the following. On July 6, 2005, Jarvis, Anthony Franklin, Quinton Wilson, and Jerrell Banks planned to pick up a female prostitute and rob her pimp. The four rode together in Wilson's white Chevrolet Blazer; Jarvis was armed with a "baby nine" 9 millimeter handgun and Franklin had a "two-shoot" Derringer, held together with rubber bands. Franklin arranged the services of a prostitute, but the woman refused to ride in the Blazer with the four men. Instead, she asked her friend Walter Richardson, Jr., to drive her to a nearby house for the sexual encounter; Richardson was driving a Buick belonging to the prostitute's pimp. Jarvis and his friends followed in the Blazer to the house; both vehicles parked on the street in front of the house.

---

[1] The crimes were committed on July 6, 2005. On October 7, 2005, a Fulton County grand jury indicted Jarvis for malice murder, felony murder while in the commission of aggravated assault with a deadly weapon, felony murder while in the commission of possession of a firearm by a convicted felon, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Jarvis was tried before a jury February 8-16, 2007, and was found guilty of both counts of felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. On February 16, 2007, he was sentenced to life in prison for felony murder while in the commission of aggravated assault with a deadly weapon and a consecutive five years in prison for possession of a firearm during the commission of a felony. The trial court found that the second felony murder count and the aggravated assault with a deadly weapon count merged for the purpose of sentencing. The malice murder and possession of a firearm by a convicted felon counts were dead docketed. Trial counsel filed a motion for new trial on Jarvis's behalf on March 9, 2007. On August 1, 2008, new counsel filed an amended motion for new trial on Jarvis's behalf alleging ineffective assistance of trial counsel. Jarvis was denied a new trial on January 8, 2009. A notice of appeal was filed on January 16, 2009, and the case was docketed in this Court on April 7, 2009. The appeal was argued orally on June 8, 2009.

Jarvis, Wilson, and Banks waited in the Blazer while Franklin and the prostitute had sex inside the house. Jarvis had earlier placed the handgun in the console of the Blazer. Jarvis took the handgun, concealed it in his pants, exited the Blazer, and approached Richardson, who was in the Buick's driver's seat. Jarvis asked Richardson for change for a twenty-dollar bill. Richardson responded, "f___ you" and asked "what the f___ did [Jarvis] want." Jarvis "jumped back" and "just turned around and started shooting" at the unarmed Richardson because Richardson had "disrespected" him. Richardson died from a gunshot wound to his chest and abdomen. Jarvis ran back to the Blazer and left the scene, tossing the murder weapon out of the vehicle, where it was later recovered by the police. Jarvis was arrested when he went to pick up Franklin, who was cooperating with the police.

1. The evidence was sufficient to enable a rational trier of fact to find Jarvis guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jarvis contends that he was denied the effective assistance of counsel because of trial counsel's failure in several respects. However, in order for Jarvis to prevail on his claims of ineffectiveness, he must show that his trial attorney's performance was deficient and that such deficiency worked to his prejudice so that a reasonable probability exists that, but for counsel's errors, the outcome of his trial would have been different; there exists the strong presumption that the attorney's actions fall within the broad range of professional conduct. *Wright v. State*, 285 Ga. 428, 434 (6) (677 SE2d 82) (2009).

(a) Jarvis contends that his trial counsel was ineffective for not introducing all of the known evidence of Richardson's propensity for violence, admissible under *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991), and therefore, for not fulfilling counsel's promise during opening statement that the victim's violent propensities would be shown. As part of this contention, he also argues that counsel was ineffective for eliciting testimony of Jarvis's involvement in a crime for which he had not been charged.

Jarvis argues that trial counsel was deficient for failing to prove Richardson's alleged involvement in a carjacking by failing to adequately pursue the reporting police officer and car owner as witnesses. However, at the hearing on the motion for new trial, as amended, trial counsel testified that he had subpoenaed all of the police officers in the case, that several were then out-of-state, and that it was difficult to get the officers to cooperate by coming to court. What is more, at the hearing, the reporting officer in the carjacking testified that he had no recollection of the incident. As to the car owner, trial counsel testified that he proved to be a difficult

witness; this is borne out by the transcript of the proffer by defense counsel at Jarvis's trial. Counsel withdrew the car owner as a witness at trial after the man testified that he was a friend of Richardson's, that he and Richardson just had a confrontation, and that he "shouldn't have" called the police to report the incident over the car. Jarvis further complains of trial counsel's failure to prove a 2001 obstruction charge involving Richardson's struggle with a police officer during the course of a stolen car investigation. During the defense's proffer at trial, the police officer in that incident could not identify Richardson as the offender from a shown photograph because it had been approximately six years since the occurrence. As for the fact that the defense was unable to get admitted into evidence documentation of Richardson's involvement in the crime because the document did not contain a birth date identifying Richardson, even if the failure of counsel to obtain an admissible document in this regard is deemed deficient, Jarvis has failed to show how this would have changed the outcome at trial. *Wright v. State*, supra at 434 (6). This is especially so in light of the fact that defense counsel introduced other evidence before the jury, successfully admitted under *Chandler v. State*.[2] In regard to any asserted harm to Jarvis from trial counsel's unfulfilled expectations expressed during opening statement, the trial court instructed the jury that "an opening statement is the attorneys' opportunity to talk to you about what they anticipate the evidence in the case will be ... what [the attorneys] say to you is not evidence." This instruction mitigates the prejudicial effect, if any, resulting from counsel's failure to present the hoped-for evidence. *Brown v. State*, 288 Ga. App. 671, 673 (1) (c) (655 SE2d 287) (2007).

Jarvis also contends that trial counsel was ineffective for eliciting testimony from Franklin on cross-examination that the two of them had committed a prior robbery on the night of the murder. However, such testimony was a surprise to defense counsel because while in Franklin's pre-trial statements to the defense he had related that on the night in question the four men were "out trying to rob some pimps," he never disclosed that any robbery had indeed been committed that evening. And there had been no indication that Franklin's testimony would alter at trial. The prosecution was surprised by the testimony as well. Moreover, after Franklin's admission, defense counsel ceased this line of questioning. Under these circumstances, it cannot be said that the cited cross-examination of Franklin will support a claim of the ineffectiveness of

---

[2] Jarvis concedes that one incident mentioned in trial counsel's pretrial *Chandler* notice was "described to the jury reasonably competently."

trial counsel. See *Watkins v. State*, 285 Ga. 355, 358 (2) (676 SE2d 196) (2009); *Williams v. State*, 255 Ga. App. 109, 112-113 (2) (564 SE2d 518) (2002).

(b) Jarvis next contends that trial counsel was ineffective in cross-examining Franklin by failing to lay a proper foundation for the admission of evidence of Franklin's prior inconsistent statement about his possession of a handgun. Franklin told the defense investigator that he did not have a handgun, but testified on direct examination that he was carrying a Derringer pistol during the incident. Jarvis urges that inasmuch as two firearms were found at the scene, Franklin's statement to the investigator would have supported Jarvis's claim that he saw the victim with a handgun at the time of the shooting, and therefore, the omission was prejudicial. But, this contention of ineffectiveness is unavailing.

At the motion for new trial hearing, trial counsel testified that there was other evidence that Franklin had a handgun; counsel cited video testimony by Banks that Franklin indeed had the handgun. What is more, trial counsel testified that he had the opportunity to recall Franklin to lay a foundation for introducing the inconsistent statement, but that he decided not to do so, fearing that Franklin could be questioned about the commission of robberies involving Jarvis. Counsel made this decision after consulting with Jarvis and Jarvis's family; they "decided that the risk was not worth it." Indeed, the perceived risk was real. At the hearing, the prosecutor testified that if Franklin had been recalled he intended to question Franklin about any robberies committed by Jarvis on that night. Under these circumstances, it cannot be said that no competent attorney would have made the same strategic decisions regarding the evidence of Franklin's earlier statement. *Walker v. State*, 281 Ga. 521, 526 (7) (640 SE2d 274) (2007).

(c) Jarvis next contends that trial counsel was ineffective for not reserving objections to recharges given in response to jury questions on the use of excessive force in regard to justification. He complains that the trial court repeated the pattern charge "rather than give meaningful answers to the jury's questions," and that trial counsel was deficient because counsel did not object and help to "formulate a response that would 'enlighten rather than confuse the jury.'"

The transcript of the motion for new trial hearing makes plain that trial counsel was aware that he could reserve objections to the jury charge without making specific objections at the conclusion of the charge given at trial; thus, impliedly he determined not to object to the recharges. And, with good reason. Jarvis has failed to assert, much less demonstrate, any defect in the applicable pattern charges. Nor has he suggested what "enlightened" response trial counsel should have urged the trial court to give.

(d) Lastly, Jarvis contends that trial counsel was ineffective for failing to limit alleged prejudice resulting from the State's introduction into evidence of Jarvis's two prior convictions, one for burglary and one for obstruction of a law enforcement officer, by not requesting that the trial court give instructions to the jury regarding the limited purposes of such evidence.[3] However, at the motion for new trial hearing, Jarvis did not question his trial counsel as to why counsel chose not to request such limiting instructions. Consequently, trial counsel's actions are presumed to be part of trial strategy, and Jarvis has failed to demonstrate in any manner that trial counsel did not exercise reasonable professional judgment in the handling of this matter. *Hudson v. State*, 277 Ga. 581, 585 (4) (c) (591 SE2d 807) (2004).

Jarvis has not carried his burden of showing the ineffectiveness of his trial counsel.[4] *Wright v. State*, supra at 434 (6).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 28, 2009.

*Ashleigh B. Merchant*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.

---

[3] Jarvis's conviction for burglary was introduced in order to prove that he was a convicted felon in possession of a firearm as alleged in the indictment and Jarvis's obstruction conviction was introduced for impeachment purposes after he took the stand in his own defense.

[4] Although not enumerated as error, in conclusion Jarvis asks that this Court consider the cumulative effect of counsel's errors as authorized in *Schofield v. Holsey*, 281 Ga. 809 (642 SE2d 56) (2007); however, Jarvis has failed to substantiate most of the asserted deficiencies of trial counsel and has failed to show prejudice sufficient to sustain his claim. Id. at 816 (II).