## S09A1376. WESLEY v. THE STATE.
(689 SE2d 280)

HUNSTEIN, Chief Justice.

Rufus Wesley was convicted of malice murder and related crimes arising out of the shotgun shooting of Michael Cooper. He appeals from the denial of his motion for new trial[1] asserting that the trial court erred by admitting improper character evidence and by finding that he received effective assistance of trial counsel. For the reasons that follow, we affirm.

1. Evidence was adduced at trial that appellant, while carrying a shotgun, approached the unarmed victim as the victim loitered around property managed by appellant; that appellant cursed the victim for returning to the property; and that, as the victim was backing up or running away, appellant fatally shot the victim in the head. This evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Although appellant contends the trial court erred by admit-

---

[1] The crimes occurred on August 1, 2004. Wesley was indicted May 30, 2006 in Fulton County on charges of murder, felony murder, aggravated assault and possession of a shotgun during the commission of a felony. He was found guilty of all charges on August 24, 2007 and was sentenced on September 7, 2007 to life imprisonment for malice murder with a consecutive five-year sentence for the possession charge. Wesley's timely motion for new trial, as amended, was denied in an order filed on January 8, 2009. A notice of appeal was filed January 26, 2009. The appeal was directed to the Court of Appeals, where it was docketed on March 27, 2009 and transferred to this Court on April 7, 2009. After the appeal was docketed here on May 4, 2009, it was submitted for decision on the briefs.

ting bad character evidence, his failure to object at trial to the evidence constitutes a waiver of appellate review of the issue. See *Hicks v. State*, 285 Ga. 386 (4) (677 SE2d 111) (2009).

3. Appellant contends he received ineffective assistance of counsel at trial. In order to succeed on this claim, appellant must show that his counsel's performance was professionally deficient and that, but for counsel's unprofessional conduct, there is a reasonable probability the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U. S. 668, 688, 695 (104 SC 2052, 80 LE2d 674) (1984). See also *Varner v. State*, 285 Ga. 300 (3) (676 SE2d 189) (2009). Our review of the record establishes that appellant failed to make the requisite showings.

(a) Based on our review of the transcript, which reveals that trial counsel on cross-examination brought into question whether the trial testimony of witnesses Fleetwood and Williams was the result of recent fabrication, improper influence or improper motive, the trial court did not err by allowing the State to introduce these witnesses' prior consistent statements. See generally *Woodard v. State*, 269 Ga. 317 (2) (496 SE2d 896) (1998). Thus, trial counsel did not perform deficiently by failing to make a meritless objection to the admission of this evidence. See *Hayes v. State*, 262 Ga. 881 (3) (c) (426 SE2d 886) (1993) (failure to make a meritless objection cannot be evidence of ineffective assistance).

(b) Trial counsel was not ineffective for failing to make a meritless objection to the State's introduction into evidence of a shotgun similar to the murder weapon, which was never recovered. See *Boyd v. State*, 264 Ga. 490 (2) (448 SE2d 210) (1994).

(c) Appellant asserts that trial counsel was ineffective by commenting during his opening statement that appellant's version of the events was not the truth.[2] However, when counsel's comment is read in context with his entire opening remarks, we conclude that the jury would not have reasonably interpreted his comment as disparaging the truthfulness of appellant's alibi defense but would have instead understood it as part of a strategic attempt to discredit the State's witnesses. Accordingly, appellant has failed to show how he was prejudiced by trial counsel's comment. Accord *Ohio v. Brooks*, 2005 Ohio 548 (2005 Ohio App. LEXIS 588, 2005 WL 334623) (2005).

(d) Appellant argues that trial counsel performed deficiently by failing to object to the admission of hearsay evidence. As to witness Harris, appellant does not identify how he was prejudiced by any

---

[2] The transcript reveals that defense counsel, after introducing himself to the jury, began his opening by stating, "[A]s you all know as adults, there is [sic] three or four sides to every story. There is the State's version, the defendant's version, and somewhere in between there, there is the truth."

particular matter related by this witness and our review of the transcript citations provided by appellant reveals that the prosecutor acted diligently to limit Harris's testimony to matters he personally knew, thereby providing no basis for a meritorious objection by defense counsel. As to the testimony of witness Moyers, a review of the transcript reveals that her testimony regarding appellant's bad character was based upon her personal knowledge. Thus, her testimony was not subject to a hearsay objection.[3] See generally *Wilson v. State*, 233 Ga. 479 (3) (211 SE2d 757) (1975) (evidence based on personal knowledge of witness admissible).

(e) Contrary to appellant's contention that the testimony by witnesses Fleetwood and Moyers was too speculative to be admissible such that trial counsel performed deficiently by failing to object, our review of the transcript reveals that these witnesses relied upon their personal knowledge of appellant and his interactions with the victim when they testified. Trial counsel was not ineffective for failing to make a meritless objection. See *Hayes v. State*, supra, 262 Ga. at 884 (3) (c).

(f) Appellant contends that trial counsel performed deficiently by failing to challenge the reliability of the State's photographic lineup. Appellant predicates this contention solely on his assertion in his brief that the State, during the prosecutor's opening statement, "all but admitted that there was a problem" with the identification of appellant by witness Williams. The transcript reveals, however, that the prosecutor merely noted that different witnesses had different descriptions of the clothing appellant was wearing at the murder scene and asked the jury to keep its attention on the similarities in the descriptions. Nothing in the prosecutor's comments constituted in any manner an admission by the State that the photographic lineup was unreliable. Moreover, our review of the lineup reveals no problems with its admissibility. See generally *Payne v. State*, 233 Ga. 294 (II) (210 SE2d 775) (1974). Appellant has failed to show ineffective assistance of counsel based upon a failure to challenge the reliability of the pretrial identification procedure. See *Mohammed v. State*, 295 Ga. App. 514 (672 SE2d 483) (2009).

(g) The autopsy photographs were properly admitted into evidence because they either depicted the victim's body as it appeared before any autopsy incisions or else they were necessary to show some material fact apparent only because of the autopsy. See *Berryhill v. State*, 285 Ga. 198 (3) (674 SE2d 920) (2009). Trial

---

[3] We note that appellant does not assert that trial counsel was ineffective for failing to object to the testimony of Moyers and other witnesses, such as Fleetwood, on the basis that their testimony constituted inadmissible evidence of bad character. See Division 2, supra.

counsel was not ineffective for failing to object to these photographs. See generally *Hayes v. State*, supra, 262 Ga. at 884 (3) (c).

(h) Extensive testimony from numerous witnesses was adduced at trial that corroborated appellant's claim that the victim was a drug dealer who had been barred by appellant from the property managed by appellant. Thus, although appellant contends he was prejudiced by trial counsel's failure to seek the admission of additional corroborative evidence regarding the crack pipe found on the victim's person after he was murdered, he has failed to show sufficient prejudice to warrant relief. See, e.g., *Duran v. State*, 274 Ga. App. 876 (3) (619 SE2d 388) (2005) (trial counsel's failure to present cumulative evidence through additional testimony does not amount to ineffective assistance).

(i) Although appellant asserts the cumulative prejudicial effect of trial counsel's errors, see generally *Waits v. State*, 282 Ga. 1 (4) (644 SE2d 127) (2007), he has failed to substantiate most of the asserted deficiencies of counsel and has failed to show prejudice sufficient to sustain his claim. See *Jarvis v. State*, 285 Ga. 787, n. 4 (683 SE2d 606) (2009). Accordingly, we conclude that the trial court did not clearly err in its determination that appellant received effective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*DuPont K. Cheney, Jr.*, for appellant.

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.