304 Ga. 256
FINAL COPY

S18A0637. DELANEY v. THE STATE.

HUNSTEIN, Justice.

Appellant Raven Marie Delaney was convicted of malice murder and related offenses arising from the shooting deaths of John Evans and Robert Holcomb.[1]  On appeal, Appellant contends that trial counsel rendered

---

[1] In May 2005, a Catoosa County grand jury returned a 14-count indictment charging Appellant with the shooting deaths of Evans and Holcomb.  Appellant was charged with two counts of malice murder, two counts of felony murder predicated on aggravated assault, two counts of felony murder predicated on armed robbery, two counts of aggravated assault, two counts of armed robbery, and four counts of possession of a firearm during the commission of a crime (two for malice murder and two for felony murder).  Following an October 2006 trial, a jury found Appellant guilty of each offense.  Appellant was sentenced to consecutive life sentences on the malice murder counts, as well as to two consecutive five-year terms for possession of a firearm during the commission of a crime, for a total sentence of life plus ten years.  The trial court ruled that all other counts were merged or vacated by operation of law, and the State does not challenge these rulings.  See Dixon v. State, 302 Ga. 691, 696 (4) (808 SE2d 696) (2017).

Appellant filed a motion for new trial in October 2006, which was amended in March 2007 and August 2016.  Following a hearing, the trial court denied the motion as amended on August 25, 2016. See Owens v. State, 303 Ga. 254, 258 (4) (811 SE2d 420) (2018) (reminding the bench and bar that "(w)e do not condone . . . inordinate delay[s] in . . . motion for new trial proceeding[s]," as such "delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial") (citations and punctuation omitted).  Appellant filed a timely notice of

constitutionally ineffective assistance; finding no error, we affirm.

Viewing the evidence in a light most favorable to the verdicts, the evidence adduced at trial established as follows. The victims, Evans and Holcomb, lived in a trailer in Catoosa County, Georgia, where they sold methamphetamine. On the night of April 5, 2004, a number of individuals gathered with the two men at the trailer, including Appellant, Josh Rood, and Lindsey Stamey. During the gathering, Appellant asked Stamey if she wanted to help "roll" — or rob — the victims; Stamey declined the offer, reported the odd request to her mother, and eventually went home. At some point, Appellant was left as the only remaining guest in the victims' residence.

In the early morning hours of April 6, 2004, Appellant called Rood numerous times seeking his help with robbing the victims, but Rood, too, declined to get involved. Hours later, Appellant arrived at Rood's location driving Evans' van; once there, Appellant admitted to Rood that she had shot Evans and Holcomb, as well as stolen their methamphetamine and cash. Appellant gave a firearm to Rood, who cleaned and hid the gun, and Rood

appeal on September 26, 2016; this case was docketed to the April 2018 term of this Court and was thereafter submitted for a decision on the briefs.

parked Evans' van at the dead end of a nearby gravel road.  Shortly thereafter, Appellant and Rood visited Stamey, at which point Appellant gave Stamey methamphetamine, free of charge.  Appellant met with Stamey a second time that day — this time accompanied by her half brother, Dustin Petet — and again provided Stamey with free drugs.  The jury heard testimony that it was unusual for Appellant to give away methamphetamine.

Later that evening, Evans and Holcomb were discovered shot dead in their trailer.  Rood directed the investigators to the gun, which was determined to be the murder weapon.  Appellant gave two statements to law enforcement.  In the first interview, she denied knowing anything about the murders; in the second statement, however, she detailed how Rood committed the murders while she was merely outside waiting for a ride.  Finally, the jury heard testimony that Appellant had independently told both Petet and another man, John Paul Dover, that she had shot the victims because they had "shorted her" on drugs and that she was going to use a recent mental health crisis to claim insanity.

1. Although Appellant does not challenge the sufficiency of the evidence, it is our customary practice in murder cases to review the record independently to determine whether the evidence was legally sufficient. Having done so, we

conclude that the evidence as summarized above was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Appellant was guilty of the crimes of which she was convicted. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In her sole enumeration of error, Appellant contends that trial counsel was ineffective for failing to object when, during its case-in-chief, the State questioned one of its witnesses about Rood "passing" a polygraph examination concerning his involvement in the murders. Appellant argues that the polygraph testimony was inadmissible because it served only to bolster Rood's trial testimony and that the testimony hampered the defense's theory that Rood was the actual murderer. This argument is without merit.

To establish ineffective assistance of counsel, a defendant must show that trial counsel's performance was professionally deficient and that, but for such deficient performance, there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); Wesley v. State, 286 Ga. 355, 356 (3) (689 SE2d 280) (2010). To prove deficient performance, one must show that his attorney "performed at trial in an objectively unreasonable way considering

4

all the circumstances and in the light of prevailing professional norms." Romer v. State, 293 Ga. 339, 344 (3) (745 SE2d 637) (2013).

> [T]o show that he was prejudiced by the performance of his lawyer, [Appellant] must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Arnold v. State, 292 Ga. 268, 269 (2) (737 SE2d 98) (2013) (quoting Strickland, 466 U. S. at 694 (III) (B)).

While Appellant asserts that trial counsel acted unreasonably in failing to object to the polygraph-examination testimony, the record indicates that the testimony was utilized by trial counsel to support the defense's theory that Rood was the actual murderer. Indeed, though the State adduced testimony that Rood had passed *one* polygraph examination, the jury also learned that Rood had been subject to an earlier polygraph that was "inconclusive." Defense counsel elicited testimony from Rood himself that the "inconclusive" result stemmed from answers concerning his involvement in the shooting; defense counsel also used this earlier polygraph examination to cast doubt on the credibility of the officer

who performed the second polygraph examination, who was apparently unaware that an earlier polygraph had been administered. In short, defense counsel used the polygraph-examination testimony to cast suspicion on Rood, the State's star witness, and cast doubt on the State's investigatory tactics. Trial counsel's decision not to object to the polygraph testimony was not unreasonable, and, thus, trial counsel did not perform deficiently in this regard.

Judgment affirmed. Hines, C. J., Melton, P. J., Benham, Nahmias, Blackwell, Boggs, and Peterson, JJ., concur.

Decided August 20, 2018.

Murder. Catoosa Superior Court. Before Judge Wood.

Jennifer E. Hildebrand, for appellant.

Herbert E. Franklin, Jr., District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General, for appellee.